IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD LOPEZ and GLORIA LOPEZ, on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.  5:19-cv-380 |
| Progressive County Mutual Insurance Company and April Hager, | § § § § | |
| Defendants. | | |

NOTICE OF REMOVAL ON BEHALF OF
PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY

Pursuant to 28 U.S.C. Sections 1332(d), Defendant Progressive County Mutual Insurance Company ( "Defendant") files this Notice of Removal, removing this case from the 285th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. In support of this Notice of Removal, Defendant respectfully shows the Court as follows:

**I.   STATE COURT ACTION**

Plaintiffs filed the action styled *Richard Lopez and Gloria Lopez, on behalf of themselves and all others similarly situated, v. Progressive County Mutual Insurance Company and April Hager*, Case No. 2018-CI-05245, in the 285th Judicial District Court in Bexar County, Texas. Defendants answered the Original Petition, and various filings were filed by the parties (*See* Trial Court Docket Sheet, **Exhibit A**). On January 25, 2019, Plaintiffs proceeded to file a First Amended Petition. Plaintiffs then filed a Second Amended Petition on April 3, 2019, adding class allegations, and thus making this a class action lawsuit. (*See* **Exhibit 17**). Based on Plaintiffs'

Second Amended Petition, the case became removable by meeting all the requirements under CAFA, and is now being timely removed to federal court.

## II. CAFA JURISDICTION

CAFA confers jurisdiction upon federal district courts over class actions in which: (1) there are at least 100 proposed plaintiff class members; (2) any plaintiff class member is diverse in citizenship from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). As a threshold matter, this matter is a proposed "class action" as defined by CAFA because it is a case brought by a representative of a putative class and was filed in state court pursuant to a statute or rule authorizing such a class. 28 U.S.C. § 1332(d)(1)(B). The remaining requirements for CAFA jurisdiction are also met here.

### A. Purported Class Consists of More than 100 Members

Although Defendant does not believe Plaintiffs have defined a proper class or that a class can be defined or maintained, Plaintiffs' allegations make clear that the proposed class would include at least 100 members as required by 28 U.S.C. § 1332(d)(5)(B). Plaintiffs broadly define the Class as "[a]ll individuals who had Medical Payments Coverage with their Auto Insurance policy issued by Progressive County Mutual Insurance Company in and subject to the laws of Texas, and against whom Defendant asserted the existence of rights to reimbursement, a subrogation lien, or demands for repayment from their personal injury recoveries of money that was paid to anyone other than the insured individuals, and did collect money from such personal injury recoveries." (Second Am. Pet., Pg. 12). Plaintiffs further allege that "the Class is so numerous that joinder of all members of the Class is impracticable" and the Class "is believed to be substantial" based on the millions of dollars the Plaintiffs have claimed are at issue in the case. (Second Am. Pet., Pg. 12).

Based on Plaintiffs' definition of the Class and the millions of dollars that the Plaintiffs allege is due to the Class, the size of it will likely be larger than 100 members.

### B.     Amount in Controversy Requirement

Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs. 28 U.S.C. § 1332(d)(6). The amount in controversy is not "the amount the plaintiff will recover," but rather "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, LLC, 135 S. Ct. at 554; *see also Statin v. Deutsche Bank Nat'l Trust Co.*, 599 Fed. Appx. 545, 546 n.1 (5th Cir. Dec. 2014) ("The Supreme Court recently decided that defendants do not need to attach evidence supporting the alleged amount in controversy to the notice of removal.").

In the Second Amended Petition, Plaintiffs claim that up to $5,743,573.36 is at issue in this case, easily satisfying the amount in controversy requirement of CAFA.

### C.     Minimum Diversity Requirement

Under CAFA, the requisite diversity of citizenship is satisfied as long as there is "minimal diversity;" that is, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) (emphasis added); *see also Weber v. Mobil Oil Corp.*, 506 F.3d 1311, 1313 (10th Cir. 2007) (holding that § 1332(d)(2)(A) "extends the subject matter jurisdiction of the federal courts to encompass putative class actions in which at least one plaintiff class member is diverse from one defendant and where the amount in controversy exceeds $5 million"); *Gibson v. Continental Res., Inc.*, No. CIV–15–611–M, 2015 WL 5883426, at *3 (W.D. Okla. Oct. 8, 2015) (only minimal diversity required for CAFA removal).

Plaintiffs are citizens of Texas because the they reside in Bexar County, Texas. Defendant April Hager resides in and is a resident of Florida. Thus, at least one member of the proposed class and one defendant are diverse and the minimal diversity requirement under CAFA is met. 28 U.S.C. § 1332(d)(2)(A).

### III.   TIMELINESS OF REMOVAL AND NON-WAIVER OF DEFENSES

This removal is timely. Plaintiffs' Second Amended Petition was filed on April 3, 2019. The amended pleading made this case removable under CAFA on that date because it asserted class action claims. Thus, under 28 U.S.C. § 1446(b)(3), Defendants have thirty days from April 3, 2019 to remove the case to federal court. This Notice of Removal is filed well within the 30 days of filing, and is therefore timely under 28 U.S.C. 1446(b).

By removing this action to this Court, Defendants do not waive any defenses available to them at law or in equity.

### IV.   CONSENT TO REMOVAL

All Defendants consent to removal. Progressive County Mutual Insurance Company files this Notice of Removal.

### V.   PROPRIETY OF REMOVAL TO THIS COURT

The 285th Judicial District Court of Bexar County, Texas is located within the Western District of Texas, San Antonio Division. Consequently, pursuant to 28 U.S.C. Section 1441(a), this action is properly removed to this Court.

### VI.   STATE COURT DOCUMENTS ATTACHED

In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon the Defendants are attached as **Exhibits 1-17**.

**VII.   NOTICE TO STATE COURT AND PLAINTIFFS**

Pursuant to 28 U.S.C. § 1446(d), Defendants will, contemporaneously with the filing of this Notice of Removal in this Court, file a copy of this Notice of Removal with the 285th Judicial District Court of Bexar County, Texas. Defendant will also provide Plaintiffs with written notice of the filing of this Notice of Removal.

**CONCLUSION & PRAYER**

This case is removable by this Court pursuant to 28 U.S.C. § 1332(d). Accordingly, and for the reasons set forth herein, Defendant prays that the United States District Court for the Western District of Texas, San Antonio Division, accepts this Notice of Removal, assumes jurisdiction of this cause, and issues such further orders and processes as may be necessary to bring before it all parties necessary for the adjudication of this action.

Dated: April 12, 2019                                        Respectfully submitted,

                                                                                  */s/ Daniel McNeel Lane, Jr.*
                                                                                       Daniel McNeel Lane, Jr.
                                                                                       State Bar No.  00784441
                                                                                       neel.lane@nortonrosefulbright.com
                                                                                  NORTON ROSE FULBRIGHT US LLP
                                                                                  300 Convent Street, Suite 2100
                                                                                  San Antonio, TX  78205-3792
                                                                                  Telephone:     (210) 224-5575
                                                                                  Facsimile:       (210) 270-7205

                                                                                  *Attorneys for Defendant, Progressive County Mutual Insurance Company*

## CERTIFICATE OF SERVICE

  This Notice of Removal has been served by Defendant using the electronic case filing system of the Court:

| | |
|---|---|
| Mr. John R. Fabry | Mr. Larry J. Goldman |
| Mr. Steve Dummit | Mr. Gregory J. Peterson |
| The Carlson Law Firm PC | Goldman & Peterson PLLC |
| 618 S.W. Military Dr. | 10100 Reunion Place, Suite 800 |
| San Antonio, TX 78221 | San Antonio, TX 78216 |
| JFabry@carlsonattorneys.com | Larry@ljglaw.com |
| SDummit@carlsonattorneys.com | Greg@ljglaw.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant April Hager* |

              */s/ Daniel McNeel Lane, Jr.*
              Daniel McNeel Lane, Jr.