# EXHIBIT 1

FILED
3/21/2018 11:54 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Victoria Angeles

Case 5:19-cv-00380-FB-ESC   Document 1-3   Filed 04/12/19   Page 2 of 20

2 CITS PPS - SAC 3

CAUSE NO. **2018CI05245**

| | | |
|---|---|---|
| RICHARD LOPEZ AND | § | |
| GLORIA LOPEZ, | § | IN THE DISTRICT COURT |
|    PLAINTIFFS | § | |
| | § | |
| VS. | § | **285th** JUDICIAL DISTRICT |
| | § | |
| | § | |
| PROGRESSIVE COUNTY MUTUAL | § | |
| INSURANCE COMPANY AND | § | |
| APRIL HAGER | § | |
|    DEFENDANTS | § | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, PRODUCTION, & INTERROGATORIES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RICHARD LOPEZ and GLORIA LOPEZ, hereafter referred to as "Plaintiffs", and files this, their Original Petition against PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and APRIL HAGER, hereafter referred to as "Defendants", and for cause of action would show the following unto the Court:

**I.**

##### DISCOVERY CONTROL PLAN

Plaintiffs requests that this case be given a Level III Discovery Control Plan.

**II.**

##### PARTIES AND PROCESS

Plaintiffs, RICHARD LOPEZ and GLORIA LOPEZ, are individuals who are residents of Texas and who resided in Bexar County, Texas at the time of the events which form the basis of this lawsuit.

Defendant, PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, is an insurance company doing business in Texas and may be served through its registered agent C.T.

Corporation System 1999 Bryan Street, Ste 900, Dallas, Texas 75201-3136. Defendant may be served by certified mail return receipt requested.

Defendant, APRIL HAGER, is an individual who may be served through her employer's registered agent C.T. Corporation System 1999 Bryan Street, Ste 900, Dallas, Texas 75201-3136. Defendant may be served by certified mail return receipt requested.

## III.

### MISNOMER, ALTER-EGO, & ASSUMED NAME

In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein in reliance upon Rule 71, TEX. R. CIV. P.

## IV.

### VENUE AND JURISDICTION

This suit is brought in accordance with the laws of the State of Texas for the recovery of damages which are within the jurisdictional limits of this Court, to which Plaintiffs are entitled to receive as compensation for the injuries described below. Plaintiffs seek between $200,000 and $1,000,000. Venue is proper pursuant to Texas *Civil Practices & Remedies Code §15.001 et seq.*, as all of the cause of action occurred in Bexar County, Texas. Accordingly, the Court has jurisdiction over this matter, and venue is proper in Bexar County, Texas.

## V.

### FACTS

On or about July 1, 2016, Plaintiffs were involved in a motor vehicle crash and suffered severe personal injuries by and through the negligence of Corina Hernandez. In the course of Plaintiffs' medical treatment for their personal injuries, Richard Lopez received $6,743.01 and

Gloria Lopez received $6,663.67 in medical payments from Progressive Insurance as part of Plaintiffs Medical Payments coverage (hereinafter "Med Pay") from their auto insurance policy. On or about September 1, 2017, Plaintiffs settled their personal injury claim with Geico Insurance and its insured Corina Hernandez for a combined total of $20,000.00. On or about October 9, 2017, Plaintiffs law firm notified Progressive Insurance and its agent and employee April Hager of Progressive's duty to agree to a statutory reduction of Progressive's $13,406.68 Med Pay subrogation interest by sharing the costs of attorney's fees and litigation expenses as mandated under the Texas Common Fund Doctrine. On or about October 10, 2017, Progressive Insurance, through its agent April Hager, notified Plaintiffs of Progressive's refusal to adhere to the Texas Common Fund Doctrine and reaffirmed reimbursed for the full $13,406.68. On or about October 23, 2012 Plaintiffs law firm requested Defendants to reduce the Med Pay interest pursuant to Chapter 140 of the Texas Civil Practice and Remedies Code ("CPRC"). On or about October 24th, April Hager acknowledged she was incompetent, untrained, and unfamiliar with Texas law on subrogation reimbursement and required the assistance of Progressive Insurance's legal team. Shortly after discussing the Med Pay reduction with Progressive's legal team, Defendant April Hager informed Plaintiffs law firm that she and Progressive will not follow Texas law and reduce the Med Pay subrogation interest. Because of Progressive's willful, intentional, and fraudulent activities, Progressive has prevented Plaintiffs from receiving their personal injury settlement from Geico Insurance.

## VI.

### VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

The Plaintiffs have previously provided the Defendants with notice, as required by TEX. BUS. & COM. CODE § 17.505(a). The Defendants have declined Plaintiffs offer to settle the dispute.

Plaintiffs are a consumer under the Deceptive Trade Practices Act ("D.T.P.A"), TEX. BUS. & COM. CODE § 17.01-.926. Plaintiffs acquired by purchase or acquisition an auto insurance policy from Progressive Insurance that included Med Pay benefits. Plaintiffs have had continuous auto insurance coverage from Progressive Insurance through successive policy renewals. At all times relevant to this suit, Plaintiffs are a consumer as defined in TEX. BUS. & COM. CODE § 17.45(4).

Defendants are a business association that can be sued under the D.T.P.A. The Defendants a corporation that can be sued under D.T.P.A. Defendant entered into a consumer transaction with the Plaintiffs.

**A.  Unconscionable Action or Course of Action-Section 17.50(a)(3)**

By and through Defendants refusal to take a statutory pro-rata deduction of its Med Pay subrogation reimbursement interest in Plaintiffs personal injury settlement claim, in direct conflict of Texas law, Defendants engaged in unconscionable action or course of action. By such conduct, Defendants took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs, to Plaintiffs detriment, to a grossly unfair degree. TEX. BUS. & COM. CODE ANN. § 17.50(a)(3).

It was unconscionable for Defendants to make, use, and present a Med Pay lien in hopes that it could collect unreasonable charges for services. Further, it was unconscionable for the Defendants to prevent and obstruct Plaintiffs' receipt of their personal injury settlement.

**B.    Deceptive Trade Practices Act ("Laundry List")-Section17.46**

1. In making, presenting and using a Med Pay subrogation lien, Defendants represented that their agreement to provide Med Pay to Plaintiffs conferred on them rights and remedies that are prohibited by law in direct violation of TEX. BUS. & COM. CODE ANN. § 17.46(b)(12). Specifically, Defendants represented that it was entitled to a Med Pay lien in an amount of $13,406.68 that is not subject to CPRC Ch. 140.

2. Defendants' wrongful conduct is the producing cause of Plaintiffs injuries. It has increased Plaintiffs debt burden, delayed their personal injury recovery, and caused their economic damages.

3. The Defendants failed to disclose information concerning their Med Pay subrogation rights when the Plaintiffs acquired their automobile insurance policy with Med Pay coverage. The Defendants failed to disclose to the Plaintiffs that they would charge a reimbursement rate that is not in conformity with Texas law. The Med Pay reimbursement rate is not reasonable and one which the Texas legislature does not consider to be reasonable. If the Defendants would have disclosed this information, the Plaintiffs would not have utilized her services, nor would the Texas Department of Insurance have approved the sale of the Med Pay policy in question.

4. Plaintiffs relied on Defendants misrepresentations to their detriment.

5. The Defendants above actions and misrepresentations were misleading and fraudulent. These representations were false, since Plaintiffs do not owe Progressive Insurance $13,406.68.

The subrogation amount is not reasonable. The representation was deceptive and misleading and done "knowingly".

    6. Progressive Insurance demanded an exorbitant or excessive Med Pay subrogation amount.

**C.**    **D.T.P.A. Damages**

Plaintiffs seek actual damages, treble damages, exemplary damages, attorney's fees, costs, pre- and post-judgment interest and all other remedies available under the D.T.P.A. Because Defendants acted "knowingly", Plaintiffs are also entitled to recover treble economic damages under TEX. BUS. & COM. CODE § 17.50(b)(1). Further, Plaintiff is entitled to recover treble economic damages under TEX. BUS. & COM. CODE § 17.50(b)(1), because Defendant acted intentionally.

## VII.

### FRAUD

The Defendants actions of making, presenting, and using the purported "lien" constitute fraud in violation of Chapter 140 of the Texas Civil Practice and Remedies Code. Specifically, Defendant is an insurance company under § 140.002(1) and willfully, wantonly, and intentionally refused to abide by § 140.005(c). As a result of such fraud, Plaintiffs pray that the Court find the "lien" invalid, and award Plaintiffs all damages entitled to including exemplary damages, attorney's fees and procurement costs.

## VIII.

### RESPONDEAT SUPERIOR

At all times relevant herein, all of the agents, servants, or employees of Progressive Insurance, who were in any way connected to this suit were acting within the course and scope of

their employment or official duties and in furtherance of the duties of their office or employment. Therefore, the acts or omissions of those agents, servants, or employees, including April Hager, are attributable to Progressive Insurance and render Progressive Insurance liable for all damages suffered by Plaintiffs under the doctrine of <u>respondeat superior</u>.

## IX.

### PROGRESSIVE'S KNOWLEDGE

The conduct of the Defendants as described in this petition was committed knowingly. Defendants were actually aware, at the time of the conduct, of the falsity, deception, and unfairness of the conduct about which Plaintiffs complain. As such, Plaintiffs are entitled to exemplary damages and treble damages.

## X.

### DEFENDANTS INTENTIONAL MISCONDUCT

The conduct of the Defendants as described above was committed intentionally. That is, Defendants had actual awareness of the falsity, deception, or unfairness of the act or practice coupled with the specific intent that Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. As such, Plaintiffs are entitled to exemplary damages and treble damages.

## XI.

### ATTORNEY'S FEES

Defendants conduct as described in this petition and the resulting damage and loss to Plaintiffs has necessitated Plaintiffs retention of the law firm and attorneys whose names are subscribed to this petition. Plaintiffs are, therefore, entitled to recover from defendants an additional sum to compensate Plaintiffs for a reasonable fee for such attorney's necessary

services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts.

## XII.

### REQUESTS FOR DISCLOSURES

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, each Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2. This request for Rule 194 disclosures is continuing in nature, regardless of whether or not this request is restated subsequently in any amended pleadings. An evasive answer or response to these requests, will be grounds for contempt of court with sanctions.

## XIII.

### INTEREST

Plaintiffs seek prejudgment interest and post-judgment interest in the maximum amounts allowed by law.

## XIV.

### RULE 193.7 NOTICE

Pursuant to Rule 193.7, TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs intend to rely upon the authenticity of any document a Defendant produces in discovery.

## XV.

### REQUEST FOR ELECTRONIC SERVICE

Plaintiff requests that service of pleadings, orders, notices, discovery, and papers in this cause be made electronically upon their attorney at: sdummit@carlsonattorneys.com. Plaintiffs' attorney hereby affirms his awareness of the right to later rescind this agreement by filing notice.

## XVI.

### PRAYER

WHEREFORE, Plaintiffs respectfully request that Defendants be duly cited to appear and answer herein, that upon final trial of this cause, Plaintiffs recovers judgment against Defendants for Plaintiffs damages, to include but not limited to treble damages pursuant to *Texas Business and Commerce Code* § *17.50(b)(1),* for exemplary damages, for attorney's fees, for costs of court, for pre- and post-judgment interest as provided by law, and for such other further relief, both general and special, at law or in equity, to which they may show they are justly entitled.

## XVII.

### INTERROGATORIES TO DEFENDANTS

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 197, Defendant is requested to answer, within fifty (50) days of service of this request, the following Interrogatories.

Preliminary Statement

1. The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2. You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3. You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4. Whenever an interrogatory requests the identification of a document or documents, please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5. If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiff and you, you may specify the records from which the answer may be obtained.

<u>Definitions & Abbreviations</u>

Plaintiff sets forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendant fully and accurately understand the objectives of Plaintiff's discovery efforts and (2) to simplify and assist the Plaintiff in Plaintiff's efforts to locate and furnish the relevant information and documents. It is expressly stipulated and agreed by the Plaintiff that an affirmative response on the part of the Defendants will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on the Defendants.

**A. DEFENDANTS:** As used herein, the term "Defendants" means the named Defendants answering the request, as well as his/her/its representatives, agents, and counsel.

**B. MULTIPLE PART ANSWERS:** Where an individual interrogatory calls for an answer which involves more than one part or subpart, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective interrogatory or subpart thereof.

**C. YOU OR YOUR:** Where the term "you or your" is used in the interrogatories or instructions, it is meant to include the person(s) referenced in definition "A" above.

**D. WRITING OR WRITTEN:** The term "writing" or "written" are intended to include, but not necessarily be limited to the following: hand writing, type writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

**E. DOCUMENT(S):** "Documents." The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**F. PERSON:** "Person" as used herein means an individual, corporation, partnership, association, trust, governmental entity, and any otherwise described entity.

**G. PERSON(S) IDENTITY:** When an interrogatory requests that you identify a person please state:
1. His or her full name;
2. His or her present or last known address;
3. His or her present employers name and address; and
4. His or her occupational position or classification.

**H. "IDENTIFY" or "IDENTIFICATION":**
1. As to a person: When used in reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.
2. As to an entity: The terms "identify" or "identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.
3. As to a document: When used in reference to a document, the terms "identify" or "identification" shall include the following:
    a. The title, heading or caption of such document.
    b. The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.
    c. A general description of the document.
    d. The name of the person who signed the document or statement that it was unsigned.
    e. Name of the person or persons who prepared the document.
    f. Name of the person or persons to whom the document was addressed and to whom the document was sent.
    g. The physical location of the document.
4. As to a statement: When used in reference to a statement, the terms "identify" or "identification" shall include who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.
5. To any other tangible thing: When used in reference to any other tangible thing, the terms "identify" or "identification" mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

**I. INCIDENT IN QUESTION:** The term "incident" or "incident in question" or similar reference as used herein refers to the Incident or Incident in Question described in the Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**J. "STATEMENTS"** includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**K. "Med Pay"** includes the Medical Payments that Progressive made pursuant to its automobile insurance contract with Plaintiffs.

## INTERROGATORIES

1. Please state each amount you attempted to collect from each Plaintiff and why.

    ANSWER:

2. Please state why the lien amount is higher than what Plaintiffs owe Defendant per Texas law.

    ANSWER:

3. Please specifically state what Texas laws, if any, Progressive adheres to when seeking reimbursement for its subrogation interest.

    ANSWER:

4. Please state the name, address, and phone number for each person answering these Interrogatories for or on behalf of Defendant Progressive Insurance.

    ANSWER:

5. Please state the name, address, and phone number for each person April Hager spoke to in the legal department concerning the subrogation reduction requests as described in Plaintiffs' Original Petition.

    ANSWER:

6. Please state the name, address, and phone number for each person April Hager spoke to at Progressive outside of the legal department concerning the subrogation reduction requests as described in Plaintiffs' Original Petition.

    ANSWER:

7. Please state what Progressive did, if anything, to perfect its purported Med Pay lien.

   ANSWER:

8. Please state the following about April Hager:
   a) Home address;
   b) Date of hire;
   c) Job titles with Progressive including dates held;
   d) Dates and locations of all trainings, education, and seminars April has attended from her hire date with Progressive to the present;
   e) Names, addresses, and phone numbers, of all of April Hager's supervisors at Progressive from the date of hire to present.

   ANSWER:

9. Please state and describe in detail the authority Progressive and its employees purport to possess including each all rules, regulations, policies, and/or procedures that authorizes Progressive to prohibit injured parties such as Plaintiffs from receiving their settlement proceeds from the tortfeasor and tortfeasor's insurance company.

   ANSWER:

10. Please state the name, address, and phone number for each person April Hager or any other Progressive Med Pay subrogation representative communicated with from Geico Insurance regarding the payment of Plaintiffs' personal injury settlement proceeds.

    ANSWER:

11. Please state the name, address, and phone number of each injured individual in the State of Texas in which Progressive Insurance has collected its full subrogation interest from after the settlement of a third party tort feasor whether or not the injured individual had a legal representative from 2013 to the present.

    ANSWER:

## XVIII.

## REQUEST FOR PRODUCTION

Pursuant to Texas Rule of Civil Procedure 196, <u>each Defendant</u> is requested to answer, within fifty (50) days of service of this request, the following Request for Production.

## DEFINITIONS AND INSTRUCTIONS

For purposes of the following Requests, the following definitions and instructions apply:

"You", "Your" and "Defendants" means and refers to each Defendant listed herein as well as your attorneys, agents, employees, and all other natural persons or businesses or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"Plaintiffs" means and refers to Plaintiffs listed in the Original Petition.

"Incident in Question" means and refers to the incident described in Plaintiffs' Original Petition.

"Med Pay" means and refers to the medical payments subrogation interest Defendants are claiming as described herein.

"Document" means and includes writings of every type and from any source, including originals and non-identical copies thereof that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

"Custodian" means the person or entity with care, custody, control of the item or document that is subject of inquiry. A request to identify the custodian of any item or document is a request to provide the name, address and telephone number of said custodian.

"Photograph" means and includes any motion picture, still picture, transparency, videotape, drawing, sketch, electronic image, negatives or any other recording of any non-verbal communication in tangible form.

You are not asked to divulge or provide any information or documents which are privileged in nature. However, for each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim or privilege or other ground for exclusion.

If a requested document once was but is no longer in the possession, custody or control of Defendants or any of its representatives, state what disposition was made of such document.

If any of these requests cannot be responded to in full, please respond to the extent possible, specifying the reason for Defendant's inability to fully respond, and stating whatever information or knowledge Defendant has concerning the portion to which Defendant cannot fully respond.

*Overall v. Southwestern Bell Yellow Pages*, 869 S.W.2d 629 (Tex. App. – Houston [14th Dist.] 1994), no writ, requires a party to send the documents to the requesting party along with a copy of the response. Unless there are thousands of documents, a party is not permitted to merely make documents available at a specific location.

Pursuant to Rule 193.7, Texas Rules of Civil Procedure, the Defendant is hereby notified that Plaintiff reserves the right to use at trial any and all documents Defendant produces in response to this and any other discovery request.

**Request for Privilege Log: Pursuant to Rule 193.3(b), please identify the material that is being withheld and the specific privilege for each item within 15 days of receipt of this request.**

## REQUESTS FOR PRODUCTION

1. Any and all photographs or other electronic images that contain images of the underlying facts.
2. Any and all photographs, movies, videotapes or other visual reproductions that Defendant has of the parties, persons with knowledge of relevant facts, the facilities, mechanisms or items involved, or scene of the Incident in Question.
3. All documents or tangible things prepared by, prepared for, or relied upon, by any expert whom Defendant expects to call as a witness, including but not limited to, his/her report, curriculum vitae, factual observations, learned treatises, publications, studies, opinions, conclusions, photographs, field notes, calculations, models and exhibits. If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to Plaintiff's attorney.
4. All documents or tangible things prepared by, prepared for, or relied upon, by any expert whose work product, opinions, or mental impressions have been, or will be, reviewed or relied upon, in whole or in part, by a testifying expert. This would include, but not be limited to, his/her report, curriculum vitae, factual observations, learned treatises, publications, studies, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

5. All documents or tangible things prepared by, prepared for, or relied upon, by any expert who has obtained knowledge about the case in some way other than consulting with Defendant's attorney.  This would include, but not be limited to, his/her report, curriculum vitae, factual observations, learned treatises, publications, studies, opinions, conclusions, photographs, field notes, calculations, models and exhibits.
6. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, any engineering field, and any other area of scientific study that you claim to be a reliable authority which may be used by you at trial.
7. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, any engineering field, and any other area of scientific study that any testifying expert claims to be a reliable authority which may be used by you at trial.
8. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, any engineering field, and any other area of scientific study that any testifying expert has relied, or will rely, upon to support their opinions and mental impressions.
9. All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.
10. All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts have relied, or will rely, upon to support their opinions and mental impressions.
11. All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts claim to be reliable authority which may be used at the time of trial.
12. A copy of any contract of employment that would govern Defendant April Hager's relationship with Progressive Insurance.
13. Copies of any and all statements made by any Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by any Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof.
14. Copies of any and all statements made by Defendants concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiff or Defendants and any stenographic, mechanical, electrical or other type of recording or any transcription thereof, including any deposition testimony concerning this incident in question.
15. Any written, taped or mechanically reproduced statement made of any Defendant or any Plaintiff in this suit or in any other claims made against Defendants out of the incident in question.
16. Any and all statements made by any Defendant regarding the Incident in Question to his/its insurance company, its employees, agents, independent contractors, adjusters, or representatives, not including statements made to Defendant's attorney.
17. Any and all drawings, surveys, plats, maps, photographs videos, or sketches of the scene of the Incident in Question.
18. Any document, photographs, or other physical evidence that will be used or offered at trial.

19. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendants, Defendants' agents, or Defendants' insurers in the ordinary course of business.
20. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendants, Defendants' agents, or Defendants' insurers before Defendants anticipated litigation.
21. All documentation indicating the day in which Defendant anticipated litigation.
22. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendants, Defendants' agents, or Defendants' insurers before the Plaintiff filed his/her Original Petition with the court.
23. Please produce any and all correspondence, communications, letters, notes of oral conversations, and all other documents or writings sent to or received from or exchanged by and between any Defendant and Plaintiffs or Plaintiffs representatives.
24. Please produce any and all correspondence, communications, letters, notes of oral conversations, and all other documents or writings sent to or received from or exchanged by and between any Defendant and Geico Insurance or Geico Insurance's representatives.
25. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the Incident in Question including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.
26. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which may provide coverage to satisfy all or part of any judgment which may be rendered in this litigation including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.
27. Copies of any document or statement that any witness of Defendant will use or you anticipate may use to refresh his or her memory, either for deposition or trial.
28. All documents regarding Plaintiffs' medical status, treatment or history obtained by Defendants via an authorization signed by Plaintiffs, subpoena, deposition on written questions, or otherwise.
29. All documents regarding Plaintiffs' claims history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.
30. All statements or documents that show the identity of any witness to the Incident in Question, or any person with knowledge of relevant facts concerning the Incident in Questions, the events leading up to it, or any damage sustained by Plaintiff.
31. Any and all documentation regarding any reprimand, citation, warning letter, license suspension, service limitation, license revocation, admission suspension, referral to the Attorney General, and any other administrative sanction or penalty issued by any public entity against Defendant Progressive Insurance or Defendant April Hager from 2010 to the present.
32. All documents regarding all other claims being currently made against any Defendant and or any of Defendants' insurance policies for Med Pay subrogation reductions other than by these Plaintiffs.

33. April Hager's entire employee file.
34. Copies of all certificates, trainings, course completions, or any continued education by April Hager from the beginning of her employment with Progressive Insurance to the present
35. Copies of all lawsuits brought against April Hager in her capacity as an employee for Progressive Insurance.
36. Copies of all lawsuits concerning Med Pay subrogation liens against Defendant Progressive Insurance that were originally filed in the state of Texas from 2013 to the present.
37. Copies of all documents each Defendant reviewed or relied upon to answer each of the Interrogatories contained herein.
38. Copies of all documents containing Defendants policies and procedures regarding the collection or attempted collection of a Med Pay subrogation interest between its insured and any third party tortfeasors or the tortfeasor's insurance.
39. Copies of all documents containing Defendants policies and procedures regarding the perfection of any liens it purports to have against its insureds third party injury settlement claim.
40. Copies of all documents that state the amount of Med Pay subrogation liens Defendant Progressive attached or attempted to attach to its insureds' third party settlements annually beginning from 2013 to the present.
41. Copies of all documents that state the amount of Med Pay subrogation liens Defendant Progressive attached or attempted to attach to its insureds' third party settlements annually beginning from 2013 to the present where Progressive did agree to a subrogation reduction with its insured or insured's legal representative.
42. Copies of all documents that state the amount of Med Pay subrogation liens Defendant Progressive attached or attempted to attach to its insureds' third party settlements annually beginning from 2013 to the present where Progressive did not agree to a subrogation reduction with its insured or insured's legal representative and was reimbursed in full.
43. Copies of all documents that describe in detail the authority including all rules, laws, regulations, policies, and procedures Progressive Insurance and its employees rely on to prohibit Plaintiffs from receiving their settlement proceeds from the tortfeasor or tortfeasor's insurance company.
44. Copies of all documents that describe in detail the authority including all rules, laws, regulations, policies, and procedures Progressive Insurance and its employees rely on to ascertain a lien for Med Pay.
45. Copies of all documents that describe in detail the authority including all rules, laws, regulations, policies, and procedures Progressive Insurance and its employees rely on to not follow Chapter 140 of the Civil Practices and Remedies Code.
46. Copies of all documents that describe in detail the authority including all rules, laws, regulations, policies, and procedures Progressive Insurance and its employees rely on to not reduce its subrogation interest for a Med Pay lien or interest.
47. Copies of all documents that describe in detail the authority including all rules, laws, regulations, policies, and procedures Progressive Insurance and its employees rely on in creating a Med Pay lien.

48. Copies of all documents that describe in detail the authority including all rules, laws, regulations, policies, and procedures Progressive Insurance and its employees rely on in perfecting a Med Pay lien.
49. Copies of all documents that describe in detail the authority including all rules, laws, regulations, policies, and procedures Progressive Insurance and its employees relied on when creating the Med Pay lien in question.
50. Copies of all documents that describe in detail the authority including all rules, laws, regulations, policies, and procedures Progressive Insurance and its employees relied on when perfecting the Med Pay lien in question.
51. Copies of all documents that describe in detail the authority including all rules, laws, regulations, policies, and procedures Progressive Insurance and its employees relied on when obstructing Plaintiffs personal injury settlement with Geico Insurance.
52. Copies of all documents that describe in detail the authority including all rules, laws, regulations, policies, and procedures Progressive Insurance and its employees relied on when refusing to reduce its Med Pay subrogation interest.

Respectfully submitted,

THE CARLSON LAW FIRM PC
618 S.W. Military Dr.
San Antonio, Texas 78221
Phone  (210) 923-7700
Fax     (210) 923-3378
Email   *sdummitt@carlsonattorneys.com*

By: /s/ *Steve Dummitt*
    Steve Dummitt
    State Bar No. 2408293
    Attorney for Plaintiff

**ATTORNEYS FOR PLAINTIFFS**