IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD LOPEZ AND GLORIA LOPEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | § § § § § | |
| PLAINTIFFS, | § § | |
| VS. | § § | SA-19-CV-00380-FB |
| PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY AND APRIL HAGER, | § § § § | |
| DEFENDANTS. | § § § | |

**PLAINTIFFS' AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW PLAINTIFFS, RICHARD LOPEZ and GLORIA LOPEZ, on behalf of themselves and all other similarly situated persons, and file this their Amended Complaint against PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY ("Progressive") and APRIL HAGER, hereafter referred to collectively as "Defendants," pursuant to Fed. R. Civ. Pro. 15(a)(1)(B) and would show unto the Court the following:

**I.
NATURE OF THE CASE**

This is a class action to recover damages for the unlawful assertion by Defendants of non-existent rights to reimbursement and a purported subrogation lien to take money from Plaintiffs, Progressive's insureds. Defendant Progressive's contractual subrogation rights to reimbursement under its Auto Insurance contract with Plaintiffs are expressly limited to payments made directly to the insureds. Plaintiffs bring causes of action on behalf of themselves

and all other similarly situated Progressive insureds ("the Class") because the Defendants have claimed the right to recover money that was paid to third party health care providers, not to the insureds, and have asserted a subrogation lien to take money that rightfully belongs to the Plaintiffs. Plaintiffs bring causes of action against Defendants for violations of the Texas Insurance Code §541.051 *et seq.,* for asserting a fraudulent lien or claim under Texas Civil Practice and Remedies Code §12.001 *et seq.,* as well as for conversion and theft.

## II.
### PARTIES AND SERVICE

Plaintiffs, RICHARD LOPEZ and GLORIA LOPEZ, are individuals who are residents of Texas and who resided in Bexar County, Texas at the time of the events which form the basis of this lawsuit.

Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY is an insurance company doing business in Texas, has been served, and has made an appearance in this matter.

Defendant APRIL HAGER is an individual, has been served, and has made an appearance in this matter.

## III.
### MISNOMER, ALTER-EGO, & ASSUMED NAME

In the event that any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

## IV.
### FACTS

Plaintiffs paid premiums to Progressive to have Medical Payments Coverage included in their Auto Insurance policy. In the event of a motor vehicle collision, the Medical Payments

Coverage will pay for medical services received by the insureds. On or about July 1, 2016, Plaintiffs were involved in a motor vehicle collision and suffered serious personal injuries. The collision was caused by one Corina Hernandez, who was in turn insured by GEICO Choice Insurance Company ("GEICO"). Plaintiffs received medical treatments for their injuries and accrued medical bills for the medical services rendered. These bills were paid by Progressive under Plaintiffs' Medical Payments Coverage. Ultimately, Richard and Gloria Lopez accrued $6,743.01 and $6,663.67, respectively, in bills for medical services, which were paid by Progressive directly to the health care providers under Plaintiffs' Medical Payments Coverage. No payments under the Medical Payments Coverage were made directly to Richard and Gloria Lopez, the insureds.

Beginning on July 19, 2016, Progressive sent standardized letters designated "Sub41" to Plaintiffs' counsel and GEICO. The pertinent language of the Sub41 letters is as follows:

> Please take this letter as formal notice of our subrogation rights with regards to the above-captioned claim. Progressive County Mutual Insurance Company paid $32.93 on behalf of our insured's medical bills incurred as a result of the above accident. These medical payments are reimbursable under the provisions of our insured's policy of insurance.

> Also be advised this claim has been referred to the InsMed Team for further handling. We ask at the time of settlement that a separate check be issued to us directly and include Progressive County Mutual Insurance Company as a payee. Payment should be sent to Subrogation Payment Processing Center 24344 Network Place Chicago, IL 60673-1243.
>
> We ask that you sign and return a copy of this letter to us as acknowledgment of our lien. Thank you in advance for your anticipated cooperation.

As such, Defendants represented to Plaintiffs and GEICO that all payments made under Plaintiffs' Medical Payments Coverage "are reimbursable under the provisions of our insured's policy of insurance" and subject to a subrogation "lien" mandating that reimbursement payments go directly to Progressive from any third party personal injury recovery or settlement

proceeds. Progressive continued to send the Sub41 letters with the same subrogation lien language, although with different and increasing dollar amounts corresponding to the ongoing medical treatments received by Plaintiffs. Progressive sent Sub41 letters asserting a subrogation lien against Plaintiffs' personal injury recovery on at least six other occasions, including: August 29, 2016, September 26, 2016, November 8, 2016, January 3, 2017, May 16, 2017, and August, 22, 2017.

On or about September 1, 2017, Plaintiffs settled their personal injury claim with GEICO and its insured, Corina Hernandez.  On or about October 9, 2017, in reliance upon Defendants' representations in the Sub41 letters asserting a subrogation lien for the amount paid under Plaintiffs' Medical Payments Coverage, Plaintiffs, through their counsel, asked Progressive for a statutory reduction of the claimed $13,406.68 subrogation lien. Specifically, Progressive was asked through its agent and employee, Defendant April Hager, to share the costs of attorney's fees and litigation expenses as required by Texas Civil Practice & Remedies Code §140.005. Defendant April Hager declined and reaffirmed Progressive's claim for reimbursement of the full $13,406.68, but stated that should certain conditions occur, Progressive would reevaluate its position.

On or about October 23, 2017, Plaintiffs, through their counsel, again asked Defendants to reduce Progressive's claimed subrogation lien. Progressive and Defendant Hagar did not agree to reduce the claimed subrogation lien and, instead, filed documents to initiate arbitration proceedings against GEICO to force GEICO to pay the entire $13,406.68 directly to Progressive.

Progressive submitted a statement to the arbitrator claiming it had the contractual right to reimbursement of the $13,406.68 that was paid directly to health care providers under Plaintiffs' Medical Payments Coverage. However, the Auto Insurance policy actually provides as follows:

**OUR RIGHTS TO RECOVER PAYMENT**

**We** are entitled to the rights of recovery that the insured person to whom payment was made has against another, to the extent of **our** payment. That insured person may be required to sign documents related to the recovery and must do whatever else **we** require to help **us** exercise those recovery rights, and do nothing after an accident or loss to prejudice those rights.

When an insured person has been paid by **us** and also recovers from another, the amount recovered will be held by the insured person in trust for **us** and reimbursed to **us** to the extent of **our** payment. If **we** are not reimbursed, **we** may pursue recovery of that amount directly against that insured person.

By the express terms of the policy, Progressive is "entitled to the rights of recovery that the insured person **to whom payment was made** has against another…." (emphasis added). Progressive even reinforced that the rights to reimbursement only apply when payment has been made to the insured, also stating "[w]hen an **insured person has been paid by us**…." (emphasis added).

Progressive never made any payments to Plaintiffs, the insured persons, as required to trigger its subrogation rights to reimbursement under the policy. All payments were made directly to health care providers. By the express terms of the subrogation provision of its own Auto Insurance policy contract, Progressive never held rights to reimbursement or a subrogation lien on Plaintiffs' personal injury settlement proceeds as was repeatedly misrepresented in the Sub41 letters. If Progressive wanted to have a right to reimbursement of payments made directly to health care providers on behalf of its insureds, an appropriate way to achieve this would have been to simply state in the Auto Insurance policy that:

> We are entitled to the rights of recovery that the insured person to **or for** whom payment was made has against another, to the extent of our payment[1].

Because of Progressive's knowing and intentional misrepresentations  regarding the existence of rights to reimbursement and of a subrogation lien on money paid to third party health care providers, GEICO was ordered by the arbitrator to pay, and did in fact pay, the entire $13,406.68 directly to Progressive. Because Defendants took the entire $13,406.68 in apparent violation of Texas Civil Practice and Remedies Code §140.001 *et seq.*, Plaintiffs were forced to file this suit. Through discovery to date in this matter, Plaintiffs obtained their Auto Insurance contract and learned that Defendants never had any rights to reimbursement or a subrogation lien on their personal injury settlement proceeds for money paid by Progressive directly to third party health care providers under the Medical Payments Coverage. Plaintiffs also learned through discovery that Defendants have asserted subrogation liens on over  $3,560,510.00 of money paid under Medical Payments Coverage policies in Texas from 2015 through November 2018, and have taken over $1,085,222.00 from Progressive's insureds through the assertion of such subrogation liens on personal injury recoveries. From 2017 through November 2018 alone, Progressive took a total of $514,187.00 that Progressive had paid out to its insureds under Medical Payments Coverage. Consequently, Plaintiffs have filed this Amended Complaint on behalf of themselves and all others similarly situated Progressive insureds.

---

[1] See proposed subrogation reimbursement language expressly stated by the following Texas auto insurers as found on the SERFF Filing Access website https://filingaccess.serff.com/sfa/home/TX: ACCC Insurance Company, Allstate Fire & Casualty Insurance, Cox Insurance Group, Chubb National Insurance Company,  Farmers Insurance, Fred Loya Insurance Agency, GEICO Insurance, Germania Insurance, Liberty Mutual Insurance, Mercury Insurance, Nationwide Insurance, Old American County Mutual Insurance, Safeco Insurance, State Farm, Southern County Mutual Insurance Company dba The Hartford, Traveler's Indemnity Company,  Unitrin County Mutual Insurance Company, and USAA. Similarly, see subrogation language of MetLife Insurance: "In the event of any payment under this policy, we are entitled to all of the rights of recovery of the person to whom, or on whose behalf, payment was made." See also AAA Auto Club County Mutual Insurance Company: "When we pay for a loss, any rights of recovery any insured has against a person or organization legally liable for the loss become ours up to the amount we have paid".

## V.
### COUNT 1—VIOLATIONS OF TEXAS INSURANCE CODE

Plaintiffs bring this action pursuant to Texas Insurance Code §541.141(1). Defendants engaged in unfair or deceptive acts or practices in the business of insurance in violation of Insurance Code §541.051. The Sub41 letters sent by Defendants make statements misrepresenting the terms of the Auto Insurance policy issued by Progressive. Each Sub41 letter was sent knowingly and intentionally misrepresenting Progressive's rights to reimbursement and the existence of a subrogation lien against its insureds' personal injury recovery proceeds.

Further, Defendants engaged in unfair or deceptive acts or practices in the business of insurance in violation of Insurance Code §541.061. Each Sub41 letter was sent knowingly and intentionally misrepresenting Progressive's rights to reimbursement pursuant to its Auto Insurance policy and the existence of a subrogation lien against its insured's third party settlement proceeds by one or more of the following:

1. making an untrue statement of material fact;
2. failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;
3. making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
4. making a material misstatement of law; or
5. failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

As a result of Defendants' violations of the Texas Insurance Code, Plaintiffs and the Class have suffered damages. Defendants are liable to Plaintiffs and the Class pursuant to Insurance Code §541.152 for the amount of actual damages, up to three times the amount of actual damages for knowingly committing the above complained of acts, court costs, reasonable and necessary attorney's fees, and any other relief the Court determines is proper.

## VI.
## COUNT 2-VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

Plaintiffs bring this action pursuant to Texas Insurance Code §541.141(2) and the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA"). In claiming the existence of contractual rights to reimbursement and a subrogation lien in the Sub41 letters and arbitration, Defendants represented that the Auto Insurance policy agreement with Plaintiffs involved rights and remedies that it did not have, in violation of Texas Business and Commerce Code §17.46(b)(12).  Specifically, Defendants represented that the Auto Insurance policy agreement provided a subrogation lien and the right to reimbursement of the $13,406.68 that had been paid directly to health care providers under the Medical Payments Coverage. But the Auto Insurance policy agreement provides Progressive with rights to reimbursement only when money under Medical Payments Coverage is paid directly to the insureds, the Plaintiffs.

Defendants knew that Progressive only had rights to reimbursement under the Auto Insurance policy with Plaintiffs when money was paid under Medical Payments Coverage directly to insureds. Defendants intentionally made false, misleading and/or deceptive statements in the Sub41 letters and arbitration by claiming that Progressive had a contractual subrogation lien to enforce reimbursement of money that was not paid to its insureds, but was paid directly to health care providers. Defendants' wrongful conduct is the producing cause of economic damages to Plaintiffs by taking $13,406.68 from their personal injury settlement proceeds that is rightfully theirs.

Defendant is liable to Plaintiffs and the Class pursuant to Insurance Code §541.152 for the amount of actual damages, up to three times the amount of actual damages for knowingly committing the above complained of acts, court costs, reasonable and necessary attorney's fees, and any other relief the Court determines is proper.

## VII.
### COUNT 3 - FRAUDULENT LIEN

Because Progressive did not pay Plaintiffs directly under the Medical Payments Coverage, and therefore had no rights to reimbursement under the Auto Insurance policy with Plaintiffs, Defendants' assertion of a subrogation lien is fraudulent under Texas Civil Practice & Remedies Code §12.002. Defendants made, presented, and/or used the Sub41 letters with knowledge that the letters were a fraudulent lien or claim against Plaintiffs' personal injury recovery. Defendants intended that the Sub41 letters would be acknowledged as evidence of a valid lien or claim against Plaintiffs' personal injury recovery, and to cause financial injury to Plaintiffs. Defendants did in fact successfully use the Sub41 letters to take $13,406.68 from Plaintiffs' personal injury settlement proceeds, causing financial injury to Plaintiffs.

As a result of Defendants' violations of Texas Civil Practice & Remedies Code §12.002, each Plaintiff and each member of the Class is entitled to recover from Defendants the greater of actual damages sustained or $10,000, plus prejudgment interest, post-judgment interest, court costs, reasonable attorneys' fees, and exemplary damages in an amount determined by the court.

## VIII.
### COUNT 4 – THEFT

The Defendants' actions of making, presenting, and using a purported subrogation lien to take $13,406.68 from Plaintiffs' personal injury recovery constitutes theft. Specifically, according to the terms of the Progressive Auto Insurance policy at issue, because money was paid under the Medical Payments Coverage directly to health care providers rather than to Plaintiffs, Progressive had no rights to reimbursement of that money. Therefore, Progressive's intentional misrepresentations to Plaintiffs, GEICO, and the arbitrator, allowed Progressive to unlawfully appropriate, secure, and steal $13,406.68 from Plaintiffs' personal injury settlement

funds without Plaintiffs' consent. At all relevant times, Plaintiffs had a possessory right to the $13,406.68. The unlawful taking of the $13,406.68 was intended to deprive Plaintiffs of their property. Defendants have taken more than $500,000 from Progressive's insureds through the assertion of such subrogation liens on personal injury recoveries in just the last two years in Texas. As a result of the thefts, Plaintiffs and the Class sustained damages for which they are entitled to recover from Defendants.

## IX.
### COUNT 5 - CONVERSION

The Plaintiffs at all relevant times possessed property or an interest in property in the form of compensation for injuries suffered. Plaintiffs had the right to immediate possession and use of the compensation they received for such injuries, whether by settlement or judgment. Progressive's wrongful assertion of rights to reimbursement and a subrogation lien against Plaintiffs' personal injury recoveries was an unlawful assumption and exercise of dominion and control over the property to the exclusion of, or inconsistent with, the Plaintiffs' rights. Plaintiffs demanded return of the property, and Defendants refused to return the property. As a result of Defendants' unlawful interference with Plaintiffs' personal injury compensation, Plaintiffs' and the Class are entitled to recover damages and exemplary damages.

## X.
### RESPONDEAT SUPERIOR

At all times relevant, all of the agents, servants, or employees of Progressive, who were in any way connected to the events giving rise to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.  Therefore, the acts or omissions of those agents, servants, or employees, including

April Hager, are attributable to Progressive and render Progressive liable for all damages suffered by Plaintiffs under the doctrine of respondeat superior.

## XI.
### ATTORNEYS' FEES

In order to pursue their claims against the Defendants, Plaintiffs retained The Carlson Law Firm, PC as their attorneys and agreed to pay the firm reasonable fees for their services. Plaintiffs are, therefore, entitled to recover from Defendants an additional sum to compensate Plaintiffs for a reasonable fee for said attorneys' necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts.

## XII.
### CLASS ACTION ALLEGATIONS

Plaintiffs bring this lawsuit on behalf of themselves and the proposed Class under Texas Insurance Code §541.251 *et seq.* and Texas Rule of Civil Procedure 42. In addition to damages for the Class, this action seeks injunctive relief, attorneys' fees, exemplary or punitive damages, and any and all other relief to which Plaintiffs show themselves to be justly entitled. Plaintiffs propose the following definition of the Class:

All individuals who had Medical Payments Coverage with their Auto Insurance policy issued by Progressive County Mutual Insurance Company in and subject to the laws of Texas, and against whom Defendants asserted the existence of rights to reimbursement, a subrogation lien, or demands for repayment through a Sub41 letter from their personal injury recoveries of money that was paid to anyone other than the insured individuals from April 3, 2015 to the present.

Excluded from the class are Defendants as well as their agents and employees, Plaintiffs' attorneys and their employees, the Judge to whom the action is assigned, as well as any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

The Class is so numerous that joinder of all members of the Class is impracticable. The precise size of the class is unknown to Plaintiffs at this time, but is believed to be substantial because Defendants have asserted subrogation liens on $5,743,573.36 of money paid under Medical Payments Coverage policies in Texas from 2013 through 2018, have taken $1,598,290.00 from Progressive's insureds through the assertion of such subrogation liens on personal injury recoveries during the same time period, and have asserted subrogation liens and taken $514,187.00 in just 2017 and 2018. The precise number of persons in the Class and their identities may be ascertained from Defendants' records.

The proposed Class is ascertainable. Litigation of the questions of law and fact involved in this action will resolve the rights of all members of the Class and, consequently, will have binding effect on all members of the Class. The members of the Class can be readily identified from Defendants' records, and thus by the Plaintiffs, through minimally intrusive discovery.

There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. These common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common factual and legal questions include without limitation:

1. Whether Progressive's Auto Insurance policy contract with Plaintiffs and the Class includes a right to reimbursement of money paid to anyone other than the insureds under Medical Payments Coverage;

2. Whether Defendants' Sub41 letters misrepresent the terms of the Auto Insurance policy in violation of Texas Insurance Code §541.051;

3. Whether Defendants' use of Sub41 letters constitutes engaging in unfair or deceptive acts or practices in the business of insurance in violation of Insurance Code §541.061;

4. Whether in using Sub41 letters Defendants represented that the Auto Insurance policy agreement involved rights and remedies that it did not have, in violation of TEX. BUS. & COM. CODE §17.46(b)(12);

5. Whether Defendants' use of Sub41 letters constitutes assertion of a fraudulent lien in violation of Texas Civil Practice & Remedies Code §12.002;

6. Whether Defendants' use of Sub41 letters to take money from the personal injury recoveries of Plaintiffs and the Class constitutes theft in violation of Texas law;

7. Whether Defendants' use of Sub41 letters to take money from the personal injury recoveries of Plaintiffs and the Class constitutes conversion in violation of Texas law; and

8. Whether the conduct of the Defendants was committed knowingly and/or intentionally.

Plaintiffs' claims are typical of the proposed Class because all members of the Class had Auto Insurance policies with Medical Payments Coverage and were subjected to the same course of conduct by Defendants in having money taken from their third party personal injury settlements through the assertion of rights of reimbursement and a subrogation lien.

Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do not have any interests antagonistic to those of the proposed Class. Plaintiffs have retained counsel competent and experienced in complex litigation of this type.

Common questions of law and fact with respect to the liability issues, relief issues, and anticipated affirmative defenses predominate over any questions affecting only the individual members of the Class. As a result of Defendants' conduct in asserting nonexistent rights to reimbursement and a subrogation lien, Plaintiffs and the Class were deprived of money from

their third party personal injury recoveries in amounts readily ascertainable from the records of Defendants, the Plaintiffs, and the members of the Class.

A class action is a superior method for the fair and efficient adjudication of this controversy. The expense and burden of individual suits make it impracticable for members of the proposed Class to prosecute their claims individually. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small– Plaintiffs are not aware of any other litigation concerning the controversy. In addition, Class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings. Individualized litigation increases the expense and delay to all parties and the court system. By contrast, class adjudication presents far fewer management difficulties, and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

## XIII.
### PRAYER

WHEREFORE, Plaintiffs Richard and Gloria Lopez, on behalf of themselves and all those similarly situated, respectfully request:

1)   That Defendants be duly cited to appear and answer herein:

2)   That the Court enter an order certifying this action as a class action;

3)   That after trial on the merits, the Court permanently enjoin Defendants from engaging in the unlawful conduct alleged herein;

4)   Money damages;

5)   Exemplary and punitive damages,

6)   Costs of this action, including reasonable attorneys' fees;

7)   Prejudgment and post-judgment interest; and

8)   All other relief to which Plaintiffs may show themselves and the Class to be justly entitled and this Court deems proper under the circumstances.

Respectfully submitted,

THE CARLSON LAW FIRM PC
618 S.W. Military Dr.
San Antonio, Texas 78221
Phone  (210) 923-7700
Fax     (210) 923-3378


By:   /s/ *John R. Fabry*
         John R. Fabry
         State Bar No. 06768480
         JFabry@carlsonattorneys.com
         Steve Dummitt
         State Bar No. 24082936
         SDummit@carlsonattorneys.com

**ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

A true copy of this document, with any attachments, was served upon the following parties

or counsel of record pursuant to the e-filing system of the Court:

| **GOLDMAN & PETERSON PLLC**<br>10100 Reunion Place, Suite 800<br>San Antonio, TX 78216<br>Telephone: (210) 340-9800<br>Telecopier: (210) 340-9888<br>Larry J. Goldman: Larry@ljglaw.com<br>Gregory J. Peterson: Greg@ljglaw.com<br>ATTORNEYS FOR APRIL HAGER | **Norton Rose Fulbright US LLP**<br>300 Convent Street, Ste 2100<br>San Antonio, TX 78205<br>Telephone: (210) 224-5575<br>Telecopier: (210) 270-7205<br>Neel Lane neel.lane@nortonrosefulbright.com<br>ATTORNEYS FOR DEFENDANT,<br>PROGRESSIVE COUNTY MUTUAL<br>INSURANCE COMPANY |
|---|---|


/s/ *John R. Fabry*
John R. Fabry