IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD LOPEZ AND GLORIA LOPEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>        PLAINTIFFS,<br><br> VS.<br><br>PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY AND APRIL HAGER,<br><br>        DEFENDANTS. | CASE NO. 5:19-cv-00380-FB-ESC |

**DEFENDANT PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Defendant Progressive County Mutual Insurance Company ("Progressive") respectfully requests that the Court deny Plaintiffs' Motion to Compel because it is an improper attempt to continue jurisdictional discovery despite the Court's clear statements that no further jurisdictional discovery would be permitted.

**BACKGROUND**

On April 12, 2019, Progressive filed a Notice of Removal and removed this case from state court. Notice of Removal (Apr. 12, 2019), Dkt. No. 1. Almost one month later, on May 10, 2019, Plaintiffs served jurisdictional discovery on Progressive in the form of six interrogatories and numerous requests for admission. On June 10, 2019, Progressive responded to Plaintiffs' requests. Prog. Disc. Resps. (June 10, 2019), Dkt. No. 19-1. The parties met and conferred concerning the responses, but at no time did Plaintiffs indicate that they believed Progressive's responses to be improper or insufficient. Nor did Plaintiffs file any motion to compel or seek other relief from the Court with respect to Progressive's responses to the initial jurisdictional discovery. Rather, on June 17, 2019, even though the Court had not set a deadline to do so and the Court had scheduled a preliminary conference with the parties for June 18, 2019, Plaintiffs elected to file a Motion to Remand to State Court (the "Motion"). Mot. to Remand, Dkt. Nos. 18-19. At the preliminary conference on June 18, 2019, the Court ordered that all merits discovery be stayed pending disposition of the Motion to Remand. Order (June 21, 2019), Dkt. No. 22.

Plaintiffs' Motion to Remand was fully briefed in July 2019. Pls.' Reply to Mot. to Remand (July 11, 2019), Dkt. No. 26. On August 14, 2019, more than a month after Plaintiffs' Motion to Remand was fully briefed, Plaintiffs served a "Notice of Jurisdictional Deposition Pursuant to Rule 30(b)(6)" on Progressive (the "Notice"). Notice (Aug. 14, 2019), Dkt. No. 29-3. The Notice requested that Progressive produce a witness on September 18, 2019, in Texas to testify on 32 topics. After briefing a motion to quash and back and forth with Plaintiffs' counsel, in lieu of this burdensome deposition and because the Court had not yet ruled on Plaintiffs' Motion to Remand, the parties reached a comprise in which Plaintiffs withdrew the Notice in exchange for

Progressive providing certain jurisdictional information in the form of interrogatory responses. Joint Advisory (Sept. 18, 2019), Dkt. No. 35.  Plaintiffs thereafter served 21 interrogatories on Progressive seeking jurisdictional information.  Pls.' Am. Interrog. (Sept. 18, 2019), Dkt. No. 46-4.  In a Joint Advisory filed on September 18, 2019, the parties advised the Court of the compromise, the substance of the jurisdictional interrogatories and the timing for Progressive's response to the same.  Joint Advisory, Dkt. No. 35.  Progressive's objections and responses to Plaintiffs' jurisdictional interrogatories were due on October 2, 2019, which Plaintiffs extended to October 9, 2019.[1]

Before Progressive responded to Plaintiffs' jurisdictional discovery, in a Report and Recommendation dated October 2, 2019 (the "Report"), this Court denied Plaintiffs' Motion to Remand and was clear that it "declines to allow Plaintiffs to engage in more jurisdictional discovery or to compel Progressive to more fully respond to Plaintiffs' existing discovery requests."  Report (Oct. 2, 2019) at 17, Dkt. No. 37.  The Court further found that "[d]ue to the ambiguity and broad temporal scope of the class definition," even more detailed discovery "would not enable Plaintiffs to prove by a preponderance of the evidence that the threshold citizenship requirement is met in this case" to trigger the application of a CAFA exception.  *Id.*  Given the Court's Report, on October 7, 2019, Progressive informed Plaintiffs that it would not respond to Plaintiffs' jurisdictional discovery and invited Plaintiffs' counsel to call to discuss.  Email from K. Kochis to J. Fabry (Oct. 7, 2019), attached as Ex. A.  Plaintiffs' counsel did not call or otherwise respond.

On October 23, 2019, during a conference with the Court, Plaintiffs raised for the first time whether they should move to compel this discovery or serve new demands.  While the Court did not specifically rule that Plaintiffs could not file a motion to compel, the Court did state that it was building enough time into the schedule to allow Plaintiffs to serve merits discovery, Progressive to respond and any disputes to be brought before the Court.

---

[1] The Joint Advisory informed the Court that the parties contemplated that Progressive could have a two-week extension to respond to the jurisdictional discovery.  Joint Advisory at 5, Dkt No. 35.

2

**ARGUMENT**

Plaintiffs' attempt to compel responses to the interrogatories served exclusively for the purposes of jurisdictional discovery flies directly in the face of the Court's Report, which is clear that no further jurisdictional discovery would be permitted, and should not be entertained. Moreover, jurisdictional discovery is unnecessary and improper at this stage of the case, and Plaintiffs do not demonstrate otherwise. Plaintiffs' argument that certain interrogatories seek merits, not jurisdictional discovery, is equally unavailing. Finally, Plaintiffs did not meet and confer with Progressive prior to filing their motion in violation of Local Rule 7.1.

**I.     PLAINTIFFS' MOTION TO COMPEL IS IMPROPER.**

Plaintiffs' Motion to Compel responses to discovery that is indisputably jurisdictional in nature is improper in light of the findings in the Court's Report. As noted above, on August 14, 2019, Plaintiffs served a "Notice of Jurisdictional Deposition Pursuant to Rule 30(b)(6)." Notice, Dkt. No. 29-3. Progressive moved to quash the Notice for a number of reasons, but in an effort to conserve judicial and party resources and because Plaintiffs' Motion to Remand was still pending, reached a compromise with Plaintiffs that it would provide certain jurisdictional information in the form of interrogatory responses. Joint Advisory, Dkt. No 35. The compromise reached by the parties, the specific jurisdictional interrogatories served by Plaintiffs, Progressive's reservation of rights and the timing for Progressive's responses to the jurisdictional discovery were laid out in the Joint Advisory filed on September 18, 2019. *Id*. Before Progressive served responses, however, the Court issued its Report, which obviated the need for the discovery. Report, Dkt. No. 37. The Court's Report was clear that it "declin[ed] to allow Plaintiffs to engage in more jurisdictional discovery or to compel Progressive to more fully respond to Plaintiffs' existing discovery requests." *Id*. at 17.

Notwithstanding the Court's clear directive concerning jurisdictional discovery, Plaintiffs filed the instant motion to compel. The 30(b)(6) deposition and the interrogatories served in lieu of the deposition were unambiguously intended to be jurisdictional in nature for use in supporting

3

Plaintiffs' Motion to Remand. The title of the Notice—Notice of Jurisdictional Deposition Pursuant to Rule 30(b)(6)—makes this abundantly clear. *See* Notice, Dkt. No. 29-3. Plaintiffs' Motion is therefore patently improper in light of the Court's clear findings that it would not allow or compel further jurisdictional discovery. This is especially true as the Court was apprised of the interrogatories, including the specific jurisdictional information they sought prior to issuing the Report. The relief Plaintiffs seek is akin to a reconsideration of the Court's Report, which is not appropriate for a motion to compel and should be addressed through objections to the Report. Accordingly, Plaintiffs' Motion should be denied.

## II.   THE JURISDICTIONAL DISCOVERY SOUGHT IS UNNECESSARY.

Even had the Court not issued a clear directive in its Report concerning jurisdictional discovery, Plaintiffs' Motion should still be denied because the jurisdictional discovery Plaintiffs seek to compel is not relevant or necessary at this stage of the case. Federal Rule of Civil Procedure 26(b)(1) requires discovery to be relevant to the needs to the case. Plaintiffs bear the burden to demonstrate why jurisdictional discovery is necessary at this time. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). Given the Court has already issued its Report, denying Plaintiffs' Motion to Remand, and stated that no additional jurisdictional discovery would be useful to a remand analysis[2] "[d]ue to the ambiguity and broad temporal scope of the class definition," a fact Plaintiffs ignore in their motion, Plaintiffs' interrogatories are not relevant,

---

[2] The Court's statements that additional jurisdictional discovery would not change its analysis regarding remand should be dispositive of Plaintiffs' pursuit of additional jurisdictional discovery. However, even if these statements were not taken into consideration, Plaintiffs have not articulated how the interrogatory responses they seek to compel would impact the Court's jurisdictional determination aside from conclusory statements that the discovery is "pertinent" to the Court's analysis of remand. *Monkton Ins. Servs.*, 768 F.3d at 434; *see also Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 428-29 (5th Cir. 2005) (affirming denial of jurisdictional discovery where plaintiff did not show how discovery would change court's analysis); *Monkton Ins. Servs.*, 768 F.3d at 434 (affirming a district court's decision to deny jurisdictional discovery when the party seeking discovery "was unable to state how the discovery he requested would change the jurisdictional determination"); *Lloyd's Syndicate 457 v. Am. Glob. Mar. Inc.*, 346 F. Supp. 3d 908, 939 (S.D. Tex. 2018) (finding that jurisdictional discovery that is "unlikely to yield new information" is unnecessary). For this additional reason, Plaintiffs' Motion should be denied.

4

necessary or proportional to the needs of this case.  Report (Oct. 2, 2019) at 17, Dkt. No. 37.

Indeed, it is difficult to imagine how additional jurisdictional discovery at this stage of the litigation could serve any legitimate purpose in light of the Report.  *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855-56 (5th Cir. 2000) (finding that the district court did not abuse its discretion by refusing additional jurisdictional discovery); *see also United Galvanizing Inc. v. Imperial Zinc Corp.*, No. H-08-0551, 2008 WL 4746334, at *11 (S.D. Tex. Oct. 27, 2008) (denying a motion to conduct jurisdictional discovery by deposing a Rule 30(b)(6) representative because the discovery was not sought until the motion to dismiss was fully briefed).

As this Court has recommended that Plaintiffs' Motion to Remand be denied, and the Court has been clear that additional jurisdictional discovery will not change its analysis, Plaintiffs do not and cannot articulate how jurisdictional discovery is relevant, necessary or proportional to the needs of this case.  Plaintiffs' Motion should therefore be denied.

**III.   THE JOINT ADVISORY DOES NOT SUPPORT PLAINTIFFS' MOTION.**

Despite the Court's Report, Plaintiffs suggest that the Joint Advisory filed by the parties is an enforceable agreement to provide responses to the interrogatories under Texas Rule of Civil Procedure 11.  Plaintiffs' argument is misplaced for several reasons.  As an initial point, the cases Plaintiffs cite in their Motion merely recognize that an agreement "touching any suit" must be "in writing, signed and filed," not that a discovery compromise set forth in an advisory to the Court constitutes a Rule 11 agreement or, if the advisory did constitute an agreement under Rule 11, that such an agreement is always enforceable.  *See* Mot. to Compel at 3, Dkt. No. 46-1.  Here, Progressive expressly entered into the discovery compromise set forth in the Advisory without waiving any of its rights or arguments relating to jurisdictional discovery.  Joint Advisory at 4-5, Dkt. No. 35.  Plaintiffs do not identify any authority supporting their contention that the Advisory serves as an enforceable Rule 11 agreement generally, or that the agreement would be enforceable in light of Progressive's express reservations.

Moreover, even if the Advisory constituted a binding agreement to provide interrogatory responses under Rule 11, which Progressive does not concede, superseding and intervening events

5

can render a Rule 11 agreement unenforceable. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 260 (Tex. 2014) (finding settlement agreement was not enforceable under Rule 11 because it was superseded by trial court's subsequent order dismissing action). At the time the parties reached a compromise with respect to the jurisdictional interrogatories and filed the Joint Advisory, Plaintiffs' Motion to Remand was pending. Before Progressive responded to the jurisdictional discovery, this Court issued the Report denying the Motion to Remand and declining to allow further jurisdictional discovery. The Report acted as an intervening and superseding event changing the landscape of the case such that the jurisdictional discovery was unnecessary, and rendering any agreement in the Joint Advisory, if such agreement existed, unenforceable.[3] Because no enforceable agreement exists to provide responses to the jurisdictional interrogatories, Plaintiffs' Motion should be denied.

### IV.   PLAINTIFFS' "MERITS" INTERROGATORIES ARE IRRELEVANT.

In a seeming effort to escape the directive concerning jurisdictional discovery in the Court's Report, Plaintiffs now argue that jurisdictional interrogatories also seek information relevant to merits and class certification. Plaintiffs' argument is misplaced.

As a threshold matter, Plaintiffs do not demonstrate why or how the 21 jurisdictional interrogatories are relevant to class certification or the merits. *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255-L, 2018 WL 3548866, at *6 (N.D. Tex. July 24, 2018) ("The party seeking discovery . . . may well—to prevail on a motion to compel—need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting

---

[3] Plaintiffs' argument, if accepted, runs the risk of discouraging parties from entering into discovery compromises if those compromises and agreements can be treated as enforceable regardless of how the posture of the case changes over time.

party's showing."); *Gomez v. Nationwide Prop. & Cas. Ins. Co.*, No. 5:15-CV-67, 2016 WL 6816215, at *2 (S.D. Tex. Feb. 26, 2016) ("The party moving to compel discovery bears the initial burden of showing that the information or materials sought are relevant"); *U.S. Risk Ins. Grp., Inc. v. U.S. Risk, Mgmt., L.L.C*., No. 3:11-CV-2843-M, 2013 WL 11730656, at *1 (N.D. Tex. Mar. 6, 2013) (moving party must show that the request is "within the scope of permissible discovery").

Plaintiffs only discuss one interrogatory request in their Motion—seeking information concerning class members' domicile—that they contend in conclusory fashion is relevant to merits and class certification.[4]  Plaintiffs, however, do not explain, and Progressive cannot understand, how a class member's domicile is relevant to certification or merits.  The same is true for the information sought in other requests, which has no bearing on any merits or certifications issues. *See, e.g*., Am. Interrogs. Nos. 2-7, Dkt. No. 46-4 (seeking definitions of various terms used in Progressive's previous response to jurisdictional discovery); *Id*. at No. 13 (seeking information on what "residence information" is collected by Progressive).  The jurisdictional nature of these interrogatories is not surprising given their stated purpose and the timing of their service at a point when all merits discovery was stayed.  Plaintiffs simply do not meet their burden to show that the information sought in the interrogatories is relevant to anything outside of jurisdiction.  Plaintiffs' Motion should therefore be denied.

## V.     PLAINTIFFS WILL NOT BE PREJUDICED.

Plaintiffs will not be prejudiced if their Motion is denied.  If Plaintiffs' Motion is denied, Plaintiffs will simply need to serve new interrogatories and discovery requests tailored to merits

---

[4] Plaintiffs argue that Progressive objected to several of the Notice topics on the grounds that they were improper merits discovery. *See* Mot. to Compel at 4, Dkt. No. 46-1. While Progressive does not concede that this argument has any merit if accurate, Plaintiffs nevertheless ignore that the interrogatories were narrowed versions of the topics, negotiated by the parties and specifically tailored to obtain jurisdictional information. Progressive's objections to the topics therefore have no bearing on whether the jurisdictional interrogatories should be considered merits discovery.

and class certification discovery. The stay on merits discovery was only recently lifted, and the Court explicitly adopted a protracted case management schedule to allow Plaintiffs to serve discovery, Progressive to object and for the Court to resolve any issues. Rather than move to compel, if Plaintiffs wanted Progressive to respond to proper merits discovery, it could and should serve new requests. Alternatively, if the Motion is granted Progressive will be prejudiced as it will be forced to respond to purely jurisdictional discovery that this Court has deemed unnecessary. Moreover, as Plaintiffs have now served a total of 27 interrogatories in this matter, Progressive would be forced to respond to a greater number of interrogatories than permitted under Federal Rule of Civil Procedure 33.[5] Because Plaintiffs will not be prejudiced, Plaintiffs' Motion should be denied.

## VI. PLAINTIFFS DID NOT MEET AND CONFER PRIOR TO FILING THEIR MOTION.

Plaintiffs' Motion should also be denied because Plaintiffs did not meet and confer with Progressive prior to filing the instant motion. Local Rule 7-1(i) states, "[t]he court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made." Plaintiffs' Motion includes a certificate of conference stating that parties conferred, but in reality no such conference occurred. On October 7, 2019, Plaintiffs' counsel sent counsel for Progressive an email asking whether, in light of the Report, Progressive intended to serve responses "to the agreed written jurisdictional discovery." *See* Email from J. Fabry to K. Kochis (Oct. 7, 2019), Ex. A. The email makes no reference to a motion to compel, or otherwise reference Plaintiffs'

---

[5] As part of the compromise reached by the parties it was agreed that the interrogatories would not count against the limit of 25 interrogatories Plaintiffs are permitted to serve under Rule 33. Joint Advisory, Dkt. No. 35. This agreement, however, was predicated on the belief that the interrogatories were purely jurisdictional in nature and because of the pending nature of Plaintiffs' Motion to Remand. As Plaintiffs now seek to compel response to these interrogatories as "merits" discovery, if Progressive is compelled to respond the interrogatories, these interrogatories should count against Plaintiffs' limit of 25 under the Rules.

8

intention to seek relief from the Court. *Id.* Counsel for Progressive advised Plaintiffs' counsel that in the light of the Report and the Court's specific statements concerning jurisdictional discovery, Progressive would not be serving responses to the interrogatories. *Id*. Plaintiffs' counsel did not respond to the email, and did not subsequently advise Progressive that they intended to move to compel prior to the filing of their Motion. Because Plaintiffs did not meet and confer with Progressive before filing in violation of Local Rule 7.1, the Court should deny Plaintiffs' Motion.

## CONCLUSION

Progressive respectfully requests that the Court deny Plaintiffs' Motion to Compel.

Dated: November 1, 2019

                                              Respectfully submitted,

/s/ *Kymberly Kochis*
Kymberly Kochis (Admitted *Pro Hac Vice*)
Alexander Fuchs (Admitted *Pro Hac Vice*)
Eversheds Sutherland (US) LLP
1114 6th Avenue, 40th Floor
New York, New York 10036
Tel: (212) 389-5000
Fax: (212) 389-5099
kymberlykochis@eversheds-sutherland.com
alexfuchs@eversheds-sutherland.com

Ian S. Shelton (Texas SBN 24056305)
Eversheds Sutherland (US) LLP
600 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel: (512) 721-2714
Fax: (512) 721-2656
ianshelton@eversheds-sutherland.com

*Counsel for Defendant Progressive County Mutual Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the CM/ECF system on November 1, 2019, on all counsel or parties of record on the service list:

/s/ *Kymberly Kochis*

## SERVICE LIST

Stephen S. Dummitt
The Carlson Law Firm PC
618 S.W. Military Dr.
San Antonio, Texas 78221
Tel: (210) 923-7700
Fax: (210) 923-3378
sdummitt@carlsonattorneys.com

*Counsel for Plaintiffs*

Larry J. Goldman
Gregory J. Peterson
Justin T. Woods
Goldman & Peterson PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Tel: (210) 340-9800
Fax: (21) 340-9888
larry@ljglaw.com
greg@ljglaw.com
justin@ljglaw.com

*Counsel for Defendant April Hager*

John R. Fabry
The Carlson Law Firm PC
1717 N. Interstate Highway 35, Suite 305
Round Rock, Texas 77664
Tel: (512) 671-7277
Fax: (512) 238-0275
jfabry@carlsonattorneys.com

*Counsel for Plaintiffs*

Mark R. Murphy
Davis & Santos, PC
719 S. Flores Street
San Antonio, TX 78204
Tel: (210) 853-5882
Fax: (210) 200-8395
mmurphy@dslawpc.com

*Counsel for Plaintiffs*