IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD LOPEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; AND GLORIA LOPEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; | § § § § § § § § § § | SA-19-CV-00380-FB |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, APRIL HAGER, | § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiffs' Motion to Compel Agreed Jurisdictional Discovery Responses [#46].  This case was referred to the undersigned for all pretrial proceedings on April 17, 2019 [#6].  The undersigned has authority to enter this Order pursuant to 28 U.S.C. § 636(b)(1)(A).  By their motion, Plaintiffs ask the Court to compel Defendant Progressive County Mutual Insurance Company ("Progressive") to respond to jurisdictional discovery that Plaintiffs contend was previously agreed to by Progressive.  The Court will deny the motion.

Plaintiffs' requested jurisdictional discovery relates to their motion to remand, which was filed on June 17, 2019 [#18].  The motion was fully briefed and ripe for this Court's review on July 1, 2019 [#24].  More than one month later, Plaintiffs served a "notice of jurisdictional deposition" on Progressive, requesting that Progressive produce a corporate representative for a deposition to testify on 32 topics.  (Notice [#29-3].)  After conferring on the deposition notice,

1

the parties agreed that Plaintiffs would withdraw the notice in exchange for certain jurisdictional information in the form of interrogatory responses.  (Joint Advisory [#35] at 4.)  Plaintiffs served the interrogatories, and the parties advised the Court in a joint advisory filed September 19, 2019 that Progressive had agreed to respond to the discovery by October 9, 2019.  (*Id.* at 4–5.) Plaintiffs never moved for a stay of the Court's ruling on their motion to remand in light of their negotiations regarding the requested discovery or informed the Court as to how the parties' exchange of information might affect the pending motion to remand.

The undersigned issued a report and recommendation on Plaintiffs' motion to remand on October 2, 2019, recommending the District Court deny the motion and declining "to allow Plaintiffs to engage in more jurisdictional discovery or to compel Progressive to more fully respond to Plaintiffs' existing discovery requests."  (Report [#37] at 17.) The undersigned held that more jurisdictional discovery would not change her conclusion, because Plaintiff's proposed class definition at the time of removal was ambiguous and overly broad, and given that proposed class definition, more discovery "would not enable Plaintiffs to prove by a preponderance of the evidence that the threshold citizenship requirement is met in this case."  *Id.*  Given this recommendation, Progressive never provided answers to the served interrogatories.

The undersigned held a status conference on October 23, 2019 to confer with the parties on a revised scheduling order to govern this case.  Two days after the conference and without conferring with opposing counsel as required by the Federal Rules of Civil Procedure and this Court's Local Rules, Plaintiffs filed the instant motion.  *See* Fed. R. Civ. P. 37(a)(1) (imposing requirement that all discovery motions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure of discovery"); Loc. R. CV-7(i) (stating that "court may refuse to hear or may deny a

nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter"). Plaintiffs' motion does include a certificate of conference that they conferred with Defendant on October 7, 2019, two weeks before they filed their motion.  However, Defendant states in its response that there was in fact no such conference on the filing of a motion to compel, only an email exchange regarding whether Defendant would still respond to the interrogatories, considering the intervening report and recommendation.  (*See* Email Correspondence [#51-2] at 2.)  The Court's review of the email correspondence attached to Defendant's response confirms that Plaintiffs did not confer on the motion to compel prior to its filing.  This failure to confer in itself is grounds to deny the motion.

But before the parties engage in technically compliant conference and before Plaintiffs re-file the instant motion, the undersigned cautions that an Amended Scheduling Order has been entered and the parties have been directed to proceed with merits and class discovery.  Some, if not all, of the pending outstanding, agreed discovery may be relevant to merits or class issues. The parties are admonished to proceed with discovery on class and merits issues in good faith. The fact that certain discovery is arguably relevant to the jurisdictional issues does not render it irrelevant to merits and class issues.  Defendants may have other or different objections to outstanding discovery when considering merits and class-related issues, but those objections should be the focus of the parties' discovery negotiations at this time.

The Report and Recommendation is still pending with the District Court.  If the District Court disagrees with the undersigned's analysis and holds that more jurisdictional discovery is required, Defendants will be held to the agreement reflected in their advisory filed with the Court.  If, instead, the District Court adopts the undersigned's recommendation and agrees with

her holding that more discovery would not change the Court's conclusion, then the issue presented by this motion will be moot. For this reason, even if Plaintiffs properly confer, they should refrain from refiling a motion seeking to compel jurisdictional discovery unless and until the District Court rejects the undersigned's Report and Recommendation in relevant part.

Thus, in accordance with the foregoing:

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Agreed Jurisdictional Discovery Responses [#46] is **DENIED**.

SIGNED this 13th day of November, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE