IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD LOPEZ AND GLORIA LOPEZ, on behalf of themselves and all others similarly situated, | § § § § § § § § § § § § § § § § § § | Civil Action No. 5:19-cv-380 |
| PLAINTIFFS | | |
| VS. | | PLAINTIFFS' [REDACTED] MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AND INTEGRATED BRIEF IN SUPPORT |
| PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY AND APRIL HAGER, | | Hon. Fred Biery |
| DEFENDANTS. | | |

COME NOW PLAINTIFFS Richard Lopez and Gloria Lopez, on behalf of themselves and all others similarly situated, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, file this Motion for Partial Summary Judgment and in support would respectfully show the following:

## I.  INTRODUCTION

This is a class action to recover damages for the unlawful assertion by Defendants of non-existent rights to reimbursement and a purported subrogation lien to take money from Plaintiffs, insureds of Defendant Progressive County Mutual Insurance Company ("Progressive"). Defendant Progressive's contractual subrogation rights to reimbursement under its auto insurance policy contract with Plaintiffs (the "Policy Contract") are expressly limited to payments made directly to the insureds. The Policy Contract provides that Progressive is "entitled to the rights of recovery

that the insured person **to whom payment was made** has against another…." (emphasis added). In its Policy Contract, Progressive reinforced that its right to reimbursement only applies when payment was made to the insured—explaining that its right to reimbursement arises "[w]hen an **insured person has been paid by us**…." (emphasis added). Progressive Policy Contract, at 32, attached as Exhibit "A". Nowhere does the Policy Contract suggest, much less state, that Progressive has subrogation rights against the insured person "for whom" or "on whose behalf" a payment was made.

Plaintiffs brought this action because the Defendants have misrepresented that they have a right to recover money that was paid to third party health care providers, not to the insureds, and have asserted a subrogation lien to take money that rightfully belongs to the Plaintiffs, in violation of the express terms of the subrogation clause in Progressive's Policy Contract. Progressive issued what it refers to as "Sub41 Letters" that asserted a subrogation lien against Plaintiffs' personal injury recovery for money paid under the Plaintiffs' medical payments (Med Pay") coverage, including payments made directly to healthcare providers. Plaintiffs' Amended Complaint [Dkt. 8] at 2–6, attached as Exhibit "B"; Progressive Sub41 Letter attached as Exhibit "C".

Plaintiffs assert that this case can be decided on liability as a matter of law, as Progressive's subrogation clause is unambiguous and there are no genuine issues of material fact. This motion requests that the Court enforce the unambiguous terms of the subrogation clause in Defendants' Policy Contract. Under the unambiguous language of the Policy Contract, Defendants simply did not have a right to seek reimbursement and assert a lien on Med Pay coverage payments made directly to third party healthcare providers. Plaintiffs contend that doing so constituted the assertion of a fraudulent lien in violation of the Texas Civil Practice and Remedies Code § 12.001 *et seq.,* violated the Texas Insurance Code § 541.051 *et seq.*, and also constituted acts of conversion and theft. *See* Plaintiffs' Amended Complaint [Dkt. 8] at 7–10, attached as Exhibit "B". Because the subrogation clause in

Defendant Progressive's Policy Contract is unambiguous on its face it must be enforced as written, and summary judgment should be granted against Defendants on liability.

## II. SUMMARY JUDGMENT EVIDENCE

1. Ex. A - Progressive Auto Insurance Policy Contract
2. Ex. B - Plaintiffs' Amended Complaint
3. Ex. C - Progressive Sub41 Letter
4. Ex. D - Defendant Progressive's Amended Answer to Plaintiffs' Amended Complaint
5. Ex. E - Defendant Hager's Amended Answer to Plaintiffs' Amended Complaint
6. Ex. F - 30(b)(6) Deposition Transcript of Defendant Progressive (Benefiel)
7. Ex. G - Progressive Medical Payments Details Ledger
8. Ex. H - 30(b)(6) Deposition Transcript of Defendant Progressive (Morris)
9. Ex. I - Declaration of John R. Fabry

## III. PARTIAL SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure permits a party to move for summary judgment on liability alone, even if there is a dispute as to damages. *Grace Church of N. County v. City of San Diego,* 555 F.Supp.2d 1126, 1134 (S.D. Cal. 2008) (quoting Fed. R. Civ. P. 56(d)(2)). "Summary judgment is appropriate when the record reflects that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Clark v. America's Favorite Chicken Co.,* 110 F.3d 295, 297 (5th Cir. 1997) (*quoting* Fed. R. Civ. P. 56(c)). On a motion for summary judgment, "once the moving party meets its initial burden of pointing out the absence of a genuine issue for trial, the burden is on the nonmoving party to come forward with competent summary judgment evidence establishing the existence of a material factual dispute." *Id*.

The non-movant's burden is not met by merely denying the movant's pleadings and allegations. *See*

*Jordan v. SONY BMG Entertainment, Inc*., 637 F.Supp.2d 442, 448 (S.D. Tex. 2008). Rather, the non-moving party must present specific facts that show a genuine issue of material fact in dispute. *Id*. See also *TIG Ins. Co. v. Sedgwick James of Wash*., 276 F.3d 754, 759 (5th Cir. 2002) (holding that the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation"). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc*., 482 F.3d. 408, 411 (5th Cir. 2007). "And a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc*., 463 F.3d 388, 392 (5th Cir. 2006).

## IV. ARGUMENT AND AUTHORITIES

### A. Texas Law on the Construction of Insurance Contracts

Under Texas law, a contract of insurance is subject to the rules of construction applicable to other contracts. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994). If the written instrument is worded so it can be given only one reasonable construction, it will be enforced as written. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex.1997).

The interpretation of an unambiguous contract is a question of law for the court to decide and the primary task is to construe the instrument to ascertain the parties' intentions **as expressed in the contract**. *Gonzalez v. Denning,* 394 F.3d 388, 392 (5th Cir. 2004) (applying Texas law). See also *American Intern. Specialty Lines Ins. Co. v. Rentech Steel, LLC,* 620 F.3d 558, 563 (5th Cir. 2010) ("An ambiguity does not arise simply because the parties present conflicting

interpretations; it 'exists only if the contractual language is susceptible to two or more reasonable interpretations'"). "In construing a contract under Texas law, courts must examine and consider the entire writing and give effect to all provisions such that none are rendered meaningless." *Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines,* 278 F.3d 494, 497 (5th Cir. 2002) (citing *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983)). Unambiguous language must be enforced as it is written. *Saratoga Resources, Inc. v. American Int'l Group, Inc.,* 102 F.Supp.3d 915, 919 (S.D. Texas 2015); *F. Don's Bldg. Supply v. OneBeacon Ins.,* 267 S.W.3d 20, 23 (Tex. 2008). The terms of an agreement are to be given their plain grammatical meanings unless the instrument indicates that they have been used in some other sense. *FedIns. Co. v. Srivastavaa,* 2 F.3d 98, 101 (5th Cir. 1993); *Heritage Resources, Inc. v. Nations Bank,* 939 S.W.2d 118, 121 (Tex. 1996).

In Texas, the court's "primary goal ... is to give effect to the written expression of the parties' intent." *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex.1998). "[T]he parties' intent is governed by what they said, ***not by what they intended to say but did not.***" *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 746 (Tex. 2006) (emphasis in original). If a written contract is amenable to a definite legal meaning, then it is unambiguous and will be enforced as written. *Coker*, 650 S.W.2d at 393. Where the language of a contract is clear, a court's inquiry should begin and end with the policy's language, and reference to the parties' "reasonable expectations" is not permitted. *Nautilus Ins. Co. v. Country Oaks Apartments Ltd.*, 566 F.3d 452, 454–55 (5th Cir. 2009). In determining the intention of the parties, we look only within the four corners of the insurance agreement to see what is actually stated, not what was allegedly meant. *See Esquivel v. Murray Guard, Inc.*, 992 S.W.2d 536, 544 (Tex. App.-Houston [14th Dist.] 1999, pet. denied); *Williams Consol. I, Ltd./BSI Holdings, Inc. v. TIG Ins. Co.*, 230 S.W.3d 895, 902 (Tex. App.–

Houston [14th Dist.] 2007, no pet.).

Further, if a written contract is so worded that it can be given a definite or certain legal meaning, then it is unambiguous, and a court may not accept parol evidence as to the parties' intent. *Williams Consol.*, 230 S.W.3d at 902 (citing *Kelley—Coppedge v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998)). *See also American Intern. Specialty Lines Ins. Co. v. Rentech Steel, LLC,* 620 F.3d 558, 563 (5th Cir. 2010) (holding that under Texas law, if an insurance policy's language is worded so that it can be given a definite or certain legal meaning, it is not "ambiguous," and the court construes it as a matter of law without admitting evidence for the purpose of creating an ambiguity); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995) (holding that parol evidence is not admissible for the purpose of creating an ambiguity and upholding the denial of a request for continuance on a motion for summary judgment in order to conduct discovery with respect to the drafting history, regulatory history, and other background information relating to the exclusion at issue in order to ascertain the parties' intent and the scope of the policy exclusion).

> **B. The Policy Contract Is Clear and Unambiguous that Progressive Can Only Subrogate Med Pay Payments Made Directly to its Insureds, Not Payments To Third Party Healthcare Providers**

The subrogation clause governing Progressive's right to seek reimbursement for Med Pay payments is clear and unambiguous. The subrogation clause provides:

> **OUR RIGHTS TO RECOVER PAYMENT**
>
> **We** are entitled to the rights of recovery that the insured person to whom payment was made has against another, to the extent of **our** payment. That insured person may be required to sign documents related to the recovery and must do whatever else **we** require to help **us** exercise those recovery rights, and do nothing after an accident or loss to prejudice those rights.

> When an insured person has been paid by **us** and also recovers from another, the amount recovered will be held by the insured person in trust for **us** and reimbursed to **us** to the extent of **our** payment. If **we** are not reimbursed, **we** may pursue recovery of that amount directly against that insured person.

Progressive Policy Contract, at 32, attached as Exhibit "A". It is uncontested that these terms control Progressive's right to subrogation; "Defendant admits that the policy contains the quoted language." Progressive's Amended Answer [Dkt. 14] at ¶ 11, attached as Exhibit "D", Defendant Hager's Amended Answer [Dkt. 13] at ¶ 11, attached as Exhibit "E".

It is evident from the plain language of the subrogation clause in the Policy Contract that Defendant Progressive's contractual subrogation rights to reimbursement for Med Pay payments are expressly limited to payments made directly to the insureds. Progressive is "entitled to the rights of recovery that **the insured person to whom payment was made** has against another…." (emphasis added). Progressive Policy Contract, at 32, attached as Exhibit "A". In the Policy Contract, Progressive reinforced its right to reimbursement only applies when payment as made to the insured—explaining that its right to reimbursement arises "[w]hen an **insured person has been paid by us**…." (emphasis added). Progressive Policy Contract, at 32, attached as Exhibit "A".

The terms in Progressive's subrogation clause are clear and unambiguous, and must be enforced as written. The term "insured person" is clearly defined by Progressive's Policy Contract:

> 1. 'insured person" means:
>    a. you or a relative:
>       (i) while occupying an auto; or
>       (ii) when struck by a motor vehicle or a trailer while not occupying a self-propelled motorized vehicle; and
>    b. any other person while occupying a covered auto with the permission of you or a relative.

Progressive Policy Contract, at 7, attached as Exhibit "A".

In fact, there is no other applicable definition of the term "insured":



30(b)(6) Deposition Transcript of Progressive (Benefiel) at 13: 2-13, attached as Exhibit "F".

Further, the terms of Progressive's subrogation clause, specifically "to whom payment was made" and "paid by us," are unambiguous and must be enforced as written because they can be given a definite legal meaning. *See Coker*, 650 S.W.2d at 393; *Trinity Universal Ins. Co.*, 945 S.W.2d at 823; *Reed*, 873 S.W. 2d at 699. The terms in Progressive's subrogation clause must be given their plain grammatical meaning because nothing in Progressive's Policy Contract indicates that they have been used in some other sense. *FedIns. Co,* 2 F.3d at 101; *Heritage Resources,* 939 S.W.2d at 121. "[T]he parties' intent is governed by what they said, ***not by what they intended to say but did not.***" *Fiess*, 202 S.W.3d at 746. Because the language in Progressive's subrogation clause is clear and unambiguous, this Court's inquiry should begin and end with the Policy Contract's language, and reference to the parties' "reasonable expectations" is not permitted. *See Nautilus Ins. Co.*, 566 F.3d at 454-55.

The Texas Supreme Court has "long recognized a strong public policy in favor of preserving

the freedom of contract . . . [emphasizing] that insurers are well equipped to evaluate and reduce risk by, for example, 'drafting policies to specifically provide for reimbursement'" and noting that the insurer did just that by "drafting two separate recovery provisions that replaced equitable rights with specific contractual rights. Neither subrogation nor reimbursement clauses violate Texas public policy." *Fortis Benefits v. Cantu*, 234 S.W.3d 642, 649 (Tex. 2007) (holding that "[g]iven the insurance policy's plain language, we are loathe to judicially rewrite the parties' contract by engrafting extra-contractual standards that neither the Legislature nor the Texas Department of Insurance has thus far decided to promulgate"). Progressive's subrogation clause should thus be enforced as written.

### C. Progressive's Subrogation Practices Violated the Unambiguous Terms of its Policy Contract

On or about July 1, 2016, Plaintiffs were involved in a motor vehicle collision and suffered serious personal injuries. The collision was caused by an individual who was insured by GEICO Choice Insurance Company ("GEICO"). Plaintiffs received medical treatments for their injuries and accrued medical bills for the medical services rendered. These bills were paid by Progressive under Plaintiffs' Med Pay coverage. Ultimately, Plaintiffs Richard and Gloria Lopez accrued $6,743.01 and $6,663.67, respectively, in bills for medical services, most of which were paid by Progressive directly to the healthcare providers.

The fact that Defendant Progressive issued payments under Plaintiffs' Med Pay coverage directly to third party healthcare providers is uncontested; **"Defendant admits that Plaintiffs received medical treatments for injuries and accrued medical bills for such medical services and that these bills were paid by Progressive on behalf of Plaintiffs under Plaintiffs' Medical Payments coverage directly to third party healthcare providers is uncontested; "Defendant admits that Plaintiffs received  medical

treatments for injuries and accrued medical bills for such medical services and that these bills were paid by Progressive on behalf of Plaintiffs under Plaintiffs' Medical Payments Coverage. Defendant admits that **bills for medical services were paid by  Defendant directly to health care providers** under the Medical Payments Coverage." (emphasis added). Defendant Progressive's Amended Answer [Dkt. 14] at ¶ 5, attached as Exhibit "D"; Defendant Hager's Amended Answer [Dkt. 13] at ¶ 5, attached as Exhibit "E". *See also* Progressive's Medical Payments Details Ledger, attached as Exhibit "G".



30(b)(6) Deposition Transcript of Progressive (Benefiel) at 86: 8-14, attached as Exhibit "F".

Beginning on July 19, 2016, Progressive sent standardized letters designated "Sub41" to GEICO with a copy to Plaintiffs' counsel[1]. The pertinent language of the Sub41 letters is as follows:

> Please take this letter as formal notice of our subrogation rights with regards to the above-captioned claim. Progressive County Mutual Insurance Company paid $32.93 on behalf of our insured's medical bills incurred as a result of the above accident. These medical payments are reimbursable under the provisions of our insured's policy of insurance.

---

[1] Progressive sent Sub41 letters asserting a subrogation lien against Plaintiffs' personal injury recovery on at least  six other occasions, including: August 29, 2016, September 26, 2016, November 8, 2016, January 3, 2017, May 16, 2017, and August, 22, 2017. *See* Plaintiffs' Amended Complaint [Dkt. 8] at 4.

> Also be advised this claim has been referred to the InsMed Team for further handling. We ask at the time of settlement that a separate check be issued to us directly and include Progressive County Mutual Insurance Company as a payee. Payment should be sent to Subrogation Payment Processing Center 24344 Network Place Chicago, IL 60673-1243.
>
> We ask that you sign and return a copy of this letter to us as acknowledgment of our lien. Thank you in advance for your anticipated cooperation.

Plaintiffs' Amended Complaint [Dkt. 8] at 3, attached as Exhibit "B"; *see also* Progressive Sub41 Letter, attached as Exhibit "C".

Defendant Progressive's practice of asserting its purported reimbursement rights for Med Pay payments made directly to third party healthcare providers, through these Sub41 Letters, is uncontested; "Defendant admits that letters were sent containing the excerpted language." Defendant Progressive's Amended Answer [Dkt. 14] at ¶ 6, attached as Exhibit "D"; Defendant Hager's Amended Answer [Dkt. 13] at ¶ 6, attached as Exhibit "E".



30(b)(6) Deposition Transcript of Progressive (Morris) at 25:11-26:4, attached as Exhibit "H".

Defendants' representation to Plaintiffs and GEICO, through its Sub41 Letters, that all

payments made under Plaintiffs' Med Pay coverage "are reimbursable under the provisions of our insured's policy of insurance" and subject to a subrogation "lien" mandating that reimbursement payments go directly to Progressive from any third party personal injury recovery or settlement, contravened the unambiguous terms of Progressive's own Policy Contract.

By the express and unambiguous terms of the subrogation provision in its Policy Contract, Progressive never held rights to reimbursement or a subrogation lien on Plaintiffs' personal injury settlement proceeds for Med Pay payments made directly to third party healthcare providers; such a reimbursement right only existed as to payments made directly to the insureds.

### D. Even If Progressive's Subrogation Clause Were Ambiguous and Susceptible to More Than One Reasonable Interpretation, It Must Then Be Construed in Favor of the Insureds

In the alternative, assuming *arguendo* the subrogation clause in Progressive's Policy Contract is ambiguous and susceptible to more than one reasonable interpretation, "under the 'contra-insurer rule,' it will be construed in favor of the insured." *Nat'l AM. Ins. Co. v. Breaux*, 368 F.Supp.2d 604, 611 (E.D. Tex. 2005) (citing *American States Ins. Co. v. Bailey,* 133 F.3d 363, 369 (5th Cir.1998); *State Farm Fire & Cas. Co. v. Vaughan,* 968 S.W.2d 931, 933 (Tex.1998)). "The determination of whether an insurance policy is ambiguous is a question of law for the court to decide." *Id*. *See also American Intern. Specialty Lines Ins. Co. v. Rentech Steel, LLC,* 620 F.3d 558, 563 (5th Cir. 2010) (holding that "if the [insurance] policy language is ambiguous, we construe it "strictly against the insurer and liberally in favor of the insured and an 'even more stringent construction is required' where the ambiguity pertains to an 'exception or limitation on [the insured's] liability under the policy" as long as the [insured's] "construction is not itself unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more

accurate reflection of the parties' intent." (internal citations omitted)).

"The policy of construing language in an insurance policy strictly against the insurer and in favor of the insured is 'especially strong when the court is dealing with exceptions and words of limitation.'" *Nat'l AM. Ins. Co.*, 368 F.Supp.2d at 611 (citing *Blaylock v. American Guarantee Bank Liab. Ins. Co.,* 632 S.W.2d 719, 721 (Tex.1982)); *St. Paul Guardian Ins. Co. v. Centrum GS Ltd.,* 283 F.3d 709, 713 (5th Cir. 2002); *State Farm Fire & Cas. Ins. Co. v. Keegan,* 209 F.3d 767, 769 (5th Cir. 2000). In fact, "unlike a coverage clause, when the interpretation of an exclusionary clause is at issue, courts will adopt the insured's construction of an insurance policy exclusion, whenever it is reasonable, even when 'the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent.'" *Id*. (citing *Balandran,* 972 S.W.2d at 741).

However, in determining whether the Policy Contract is ambiguous, the Court should consider how easily Progressive could have expressed a right to reimbursement of Med Pay payments made directly to healthcare providers on behalf of its insureds: "We are entitled to the rights of recovery that the insured person to **or for** whom payment was made has against another, to the extent of our payment." Simply inserting the two words "or for" in Progressive's Policy Contract would give it the subrogation rights that it has unlawfully been asserting. This is precisely the subrogation language used by the following auto insurance companies issuing policies in Texas: ACCC Insurance Company, Allstate Fire & Casualty Insurance, Cox Insurance Group, Chubb National Insurance Company, Farmers Insurance, Fred Loya Insurance Agency, GEICO Insurance, Germania Insurance, Liberty Mutual Insurance, Mercury Insurance, Nationwide Insurance, Old American County Mutual Insurance, Safeco Insurance, State Farm, Southern County Mutual Insurance Company d/b/a The Hartford, Traveler's Indemnity Company, Unitrin County Mutual

13

PLAINTIFFS' [REDACTED] MOTION FOR PARTIAL SUMMARY                                                                    NO. 5:19-CV-00380

Insurance Company, and USAA. *See* SERFF Filing Access website at: https://filingaccess.serff.com/sfa/home/TX. MetLife Insurance similarly uses the following subrogation language: "In the event of any payment under this policy, we are entitled to all of the rights of recovery of the person to whom, or on whose behalf, payment was made." *Id.*

Therefore, even if this Court finds that Progressive's subrogation clause is ambiguous and susceptible to more than one reasonable interpretation, it is well-settled that Texas law requires the adoption of the insured's interpretation of the insurance policy terms at issue.

## IV. CONCLUSION

Because the subrogation clause in Defendant Progressive's Policy Contract is unambiguous on its face and must be enforced as written, and because there are no genuine issues of material fact, Plaintiffs respectfully request that summary judgment be granted against Defendants as to their liability for asserting a subrogation lien on Med Pay payments made to third party healthcare providers under a Policy Contract which only permits subrogation on Med Pay payments made to the insureds, and for any further relief to which Plaintiffs may be justly entitled.

DATED: April 3, 2020.

Respectfully submitted,

THE CARLSON LAW FIRM, P.C.
1717 N. Interstate 35, Suite 305,
Round Rock, TX 78664
Tel: (512) 671-7277
Fax: (512) 238-0275

By: /s/ *John R. Fabry*
John R. Fabry
State Bar No. 06768480
JFabry@carlsonattorneys.com

Steve Dummitt
State Bar No. 24082936
SDummit@carlsonattorneys.com
618 S. W. Military Dr.
San Antonio, TX 78221
Tel: (210) 923-7700
Fax: (210) 923-3378

**DAVIS & SANTOS, P.C.**
Mark Murphy
Texas No. 24002667
mmurphy@dslawpc.com
719 S. Flores Street
San Antonio, TX 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF CONFERENCE

I hereby certify that on April 3, 2020 the Parties conferred regarding the foregoing Plaintiffs' [Redacted] Motion for Partial Summary Judgment on Liability and Integrated Brief; Defense counsel indicated they oppose the present motion on the merits but are not opposed to the filing of this redacted version of the motion.

/s/ *John R. Fabry*
John R. Fabry

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was filed and served electronically through the Court's CM/ECF system on April 3, 2020 upon the following counsel of record:

Larry J. Goldman
Larry@ljglaw.com
Gregory J. Peterson
Greg@ljglaw.com
**GOLDMAN & PETERSON PLLC**
10100 Reunion Place, Suite 800
San Antonio, TX 78216
Tel.: (210) 340-9800
Fax: (210) 340-9888


Alexander P. Fuchs
Kimberly Kochis
**EVERSHEDS SUTHERLAND (US) LLP**
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, NY 10036
Tel: (212) 389-5082
Fax: (212) 389-5099

Ian Scott Shelton
**EVERSHEDS SUTHERLAND (US) LLP**
600 Congress Avenue, Suite 2000
Austin, TX 78701
Tel: (512)721-2714
Fax.: (512) 721-2656


**ATTORNEYS FOR DEFENDANTS,
PROGRESSIVE COUNTY MUTUAL
INSURANCE COMPANY AND
APRIL HAGER**

/s/ *John R. Fabry*
John R. Fabry