IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD LOPEZ AND<br>GLORIA LOPEZ,<br>on behalf of themselves and<br>all others similarly situated,<br><br>　　PLAINTIFFS<br><br>VS.<br><br>PROGRESSIVE COUNTY MUTUAL<br>INSURANCE COMPANY AND<br>APRIL HAGER,<br><br>　　DEFENDANTS. | §§§§§§§§§§§§§§§§<br><br>Civil Action No. 5:19-cv-380 |

### PLAINTIFFS' [REDACTED] MOTION TO COMPEL DISCOVERY RESPONSES

TO THE HONORABLE COURT:

COME NOW PLAINTIFFS Richard Lopez and Gloria Lopez, on behalf of themselves and all others similarly situated, and hereby move to compel discovery responses, specifically the production of all Sub41 letters and companion Medical Payments Details ledgers/reports sent by Defendant Progressive County Mutual Insurance Company ("Progressive") during the class period and responsive to Plaintiffs' First, Third, and Fourth Requests for Production, and in support of this motion would show the following:

"Sub41" is Defendant Progressive's internal designation for the form or template letter used to assert the subrogation liens at issue in this case. *See* example, Ex. A [REDACTED]

[REDACTED]

[REDACTED]. 30(b)(6) Deposition Transcript of Progressive (Morris) at 25:11-19, Ex. B. The MedPay ledgers include information about each payment made

by Progressive under the Medical Payments coverage. *See* example, Ex. C. It appears at this stage of the case that it would be typical, or at least not unusual, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See Id.;* 30(b)(6) Deposition Transcript of Progressive (Morris) at 26:22-27:14, Ex. B. Plaintiffs contend that each occurrence constitutes a separate violation of the Texas Fraudulent Lien statute and makes Defendants liable for the greater of $10,000 or actual damages (plus court costs, attorney's fees, and exemplary damages). *See* Civ. Prac. & Rem. Code § 12.002(b). Consequently, together these documents provide substantial relevant information about who is in the class and their damages. Progressive has never claimed or suggested that the documents are privileged, are not relevant to the case, or are otherwise somehow not discoverable. Progressive has interposed various objections to producing the documents and, after months attempting to reach agreement on production, still has not produced the documents. Consequently, Plaintiffs now seek help from the Court.

Plaintiffs served a single discovery request on November 21, 2019 asking for copies of Sub41 letters sent "to individuals who had Medical Payments Coverage with their Auto Insurance policy issued by Progressive in and subject to the laws of Texas" during the applicable class period. *See* Ex. D. During a meet and confer call on December 16, 2019, counsel for Progressive stated that they did not need any additional time to respond to this request. *See* Decl. of John Fabry, Ex. E. On December 23, 2019, Progressive produced nothing in response to this request, stating "▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" *See* Ex. F.

On December 26, 2019 Plaintiffs served their Third Request for Production to Progressive, modifying the request to simply ask for all Sub41 letters sent during the class period

(deleting "to individuals who had Medical Payments Coverage…."). *See* Ex. G. On January 27, 2020 Progressive again produced nothing and made the following objections:

> Progressive objects to this Request as overbroad and disproportional to the needs of the case because a Sub41 letter does not reflect whether any amounts were collected. Progressive further objects to this Request as unduly burdensome because there is no way to determine whether a Sub41 letter was sent except through a claim-by-claim review. In addition, this request is unduly burdensome and disproportional to the needs of this case because there is no way to extract Sub41 letters in masse; the letters would need to be individually printed or saved to pdf. Given the burden, including time and costs, weighed in proportion to the need for the documents requested, Progressive objects to this Request and is withholding all Sub41 letters except those relating to Plaintiffs, which have already been produced.

*See* Ex. H. The following day, January 28, 2020, Plaintiffs' counsel asked to meet and confer on the objections. *See* Decl. of John Fabry, Ex. E.

Counsel for the parties conferred on January 30, 2020, and counsel for Progressive made clear that the only objection to producing the Sub41 letters is the alleged burden. *See* Decl. of John Fabry, Ex. E. Counsel for Progressive did not know how much time would be involved or the projected cost. *Id*. Although Progressive had arguably waived the undue burden objection by not including specific evidence of the time required and cost of production when objecting, in the interest of expeditiously advancing the case and avoiding motion practice, Plaintiffs agreed to consider the cost information when provided. *Id*. Also, in the spirit of cooperation and advancing the case, Plaintiffs asked Progressive to withdraw all the other objections to producing the Sub41 letters. *Id*.

On February 3, 2020, Progressive responded to Plaintiffs' Fourth Request for Production seeking the MedPay ledgers on "every insured against whom Progressive asserted the existence of rights to reimbursement, a subrogation lien, or demands for repayment" in the class period. *See* Ex. I. Progressive produced nothing and made the following response:

> Progressive objects to this Request as unduly burdensome and disproportional to the needs of the case because there is no way to pull Medical Payments Details reports in masse and the reports can only be manually extracted, by individually printing or saving the reports to pdf, following a claim-by-claim review. Given the burden, including of time and costs, weighed in proportion to the need for the documents requested, Progressive is currently determining the cost of pulling these reports.

*Id*. Progressive has yet to provide any information or evidence regarding the cost to produce the MedPay ledgers.

On February 13, 2020, Defendant Progressive was deposed and testified that ███████ ████████████████████████████████████████████████████████████████████ *See* 30(b)(6) Deposition Transcript of Progressive (Morris) at 25:20-26:4, Ex. B. Counsel for the parties continued to meet and confer by email and telephone regarding production of the Sub41 letters and MedPay ledgers through February, March, and into April. *See* Decl. of John Fabry, Ex. E.

Counsel for Progressive has represented that the cost to produce the Sub41 letters would be approximately $12,000. *See* Decl. of John Fabry, Ex. E. Although this amount seems excessive, but trusting that counsel and Progressive are acting in good faith, and in the interest of expeditiously advancing the case, Plaintiffs agreed on March 20, 2020 to pay half that amount, $6,000, toward the cost of production. *Id*. Relevant to this agreement, the expectation was that production would occur within three weeks, by April 10, 2020. *Id*. And, based on the testimony that ████████████████████████████████████████████████████████████████████████ [30(b)(6) Deposition Transcript of Progressive (Morris) at 25:20-26:4, Ex. B], that the production of the Sub41 letters should include the MedPay ledgers.

While conferring by telephone on April 7th, on another matter, and having not heard anything from Progressive's counsel since March 20 regarding production of the Sub41 letters

and MedPay ledgers, Plaintiffs' counsel asked what to expect regarding the production of the documents. *See* Decl. of John Fabry, Ex. E. Counsel for Progressive did not have an answer at the time but promised to follow up. *Id*. More than a week passed with no response and no production. *Id*. On April 15th, Plaintiffs' counsel sent an email advising that efforts to reach agreement on the production appear to have been exhausted, advising of the intent to proceed with a motion to compel (as previously discussed), but leaving the door open to additional discussion on the matter. *Id*. The response from Progressive's counsel, received April 17, 2020, was to ask for an explanation of why the documents should be produced at this time. *Id*.

This Court conducted a hearing on October 23, 2019 and expressed the expectation that the parties would proceed with class certification and merits discovery. [Docs. 44 and 55]. The requested documents are relevant to determining who is in the Class and the damages suffered by the Class. The Class had ▮▮▮▮ members as of ▮▮▮▮▮▮▮▮▮▮▮▮, and each class member likely had multiple subrogation liens asserted in violation of the Texas Fraudulent Lien statute. *See* CIV. PRAC. & REM. CODE § 12.002(b); *see also* D's Resp. to Third Interrog., Rog. No. 9, Ex. J; 30(b)(6) Deposition Transcript of Progressive (Morris) at 25:11-19, Ex. B. If Plaintiffs prevail on their contention that each violation results in a separate claim worth a minimum of $10,000, the potential damages in this matter will likely exceed $100,000,000, not including court costs, attorney's fees, and exemplary damages ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Even if Plaintiffs are limited to $10,000 for a fraudulent lien asserted against each MedPay claim made against Progressive, damages will exceed $20,000,000 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Consequently, $12,000 to produce these relevant documents is not unreasonable or disproportionate to the needs of the case.

While Plaintiffs offered to split the $12,000 cost as a compromise, they should not be

required to do so now. Progressive's continued refusal to produce these materials—even after Progressive's counsel indicated that they would be produced—has required Plaintiffs' counsel to spend well more than $6,000 in time trying to obtain these materials.  Further, Progressive should not be rewarded for withholding discovery materials it should have produced months ago.

For all of the above reasons, Plaintiffs, on behalf of themselves and all others similarly situated, request that their Motion to Compel Discovery be granted in its entirety, and that Defendant Progressive be compelled to produce all Sub41 letters and Medical Payments Details ledgers applicable to the class period within 14 days of any order.  Plaintiffs also ask for all other relief to which they are entitled.

Dated: April 22, 2020

    Respectfully submitted,

    THE CARLSON LAW FIRM, P.C.
    618 S.W. Military Dr.
    San Antonio, Texas 78221
    Phone  (210) 923-7700
    Fax     (210) 923-3378

    By:  /s/ *John R. Fabry*
        John R. Fabry
    State Bar No. 06768480
    JFabry@carlsonattorneys.com
    Steve Dummitt
    State Bar No. 24082936
    SDummitt@carlsonattorneys.com

    DAVIS & SANTOS, P.C.
    Mark Murphy
    State Bar No. 24002667
    Email: mmurphy@dslawpc.com
    719 S. Flores Street
    San Antonio, Texas 78204
    Tel: (210) 853-5882
    Fax: (210) 200-8395

    **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was filed and served electronically through the Court's CM/ECF system on April 22, 2020 upon the following counsel of record:

Kymberly Kochis
Alexander P. Fuchs
**EVERSHEDS SUTHERLAND (US) LLP**
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, NY 10036
Tel: (212)389-5082
Fax: (212) 389-5099

Ian Scott Shelton
**EVERSHEDS SUTHERLAND (US) LLP**
600 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel: (512) 721-2714
Fax: (512) 721-2656

Larry J. Goldman
Gregory J. Peterson
**GOLDMAN & PETERSON PLLC**
10100 Reunion Place, Suite 800
San Antonio, TX 78216
Tel.: (210) 340-9800
Fax: (210) 340-9888

**ATTORNEYS FOR DEFENDANT,
PROGRESSIVE COUNTY MUTUAL
INSURANCE COMPANY AND APRIL HAGER**

                                                /s/ *John R. Fabry*
                                                John R. Fabry

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for Plaintiffs conferred with counsel for Defendant Progressive County Mutual Insurance Company via telephone conversations and emails in January, February, March and the beginning of April 2020 and were unable to resolve the dispute, so that a ruling by the court on same is required.

/s/ *John R. Fabry*
John R. Fabry