**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| RICHARD LOPEZ AND GLORIA LOPEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>                  PLAINTIFFS,<br><br>  VS.<br><br>PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY AND APRIL HAGER,<br><br>                  DEFENDANTS. | CASE NO. 5:19-cv-00380-FB-ESC |

**DEFENDANT PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL</u>**

Defendant Progressive County Mutual Insurance Company ("Progressive") respectfully requests that the Court deny Plaintiffs' Motion to Compel ("Motion") because it is an improper and premature attempt to compel production of documents that are not relevant or proportional to the needs of the case unless Plaintiffs' motion for class certification is granted. Pls.' Mot. to Compel (Apr. 22, 2010) ("Pls.' Mot."), Dkt. No. 81. Further, Plaintiffs elected to burden the Court with this discovery "dispute" without properly meeting and conferring with Progressive as required by local rules.

## BACKGROUND

Despite the tenor of Plaintiffs' Motion, Progressive has engaged in good faith discovery, producing thousands of pages of documents in response to Plaintiffs' document requests and two Progressive witnesses to testify. Plaintiffs seek to compel further responses from Progressive with respect to only two requests, Plaintiffs' Third and Fourth Sets of Requests for Production served, respectively, on December 26, 2019 and January 3, 2020. Plaintiffs' requests seek "Sub41" letters and Medical Payment Ledgers for all potential class members in this litigation.[1] Progressive timely objected to the production of these documents as unduly burdensome because Progressive does not track whether the documents were sent out in the normal course of business and they could therefore only be identified through a file-by-file review of the thousands of claims potentially at issue.[2]

Progressive met and conferred off and on with Plaintiffs over the last several months regarding the two requests. Ultimately, in the interest of attempting to reach a compromise, Progressive suggested cost shifting. After additional back and forth, on March 20, 2020, Plaintiffs

---

[1] "Sub41" letters are letters sent by Progressive under certain circumstances to assert its rights to subrogation and/or to seek reimbursement with respect payments made under the Medical Payments Coverage. Medical Payment Ledgers contain insured medical billing information.

[2] Progressive disagrees with Plaintiffs' statement that there are 2,239 class members in this case. As Progressive has noted in all of its discovery responses, it cannot determine who is in the proposed class, but has informed Plaintiffs that subrogation was opened with respect to 2,239 insureds' MedPay claims under a Progressive policy during a certain period of time.

confirmed their agreement to cost shifting whereby they would assume half ($6,000) of the estimated $12,000 cost to search for and pull the requested documents. Email from J. Fabry to K. Kochis (Mar. 20, 2020 4:05 pm), attached as Ex. 2 to the Decl. of John R. Fabry ("Fabry Decl."), Dkt. No. 81-5. In addition to confirming that they would pay half of the estimated costs, Plaintiffs included a unilateral demand that the documents be produced within three weeks. *Id*.

Given the global COVID-19 pandemic and the fact that employees of both Progressive and Progressive's counsel were working from home, Progressive's counsel did not believe these documents could be produced in three weeks, but wanted to confer with its client before providing a timeframe for production. On March 31, 2020, prior to Progressive determining how long the identification, pull, review and production of the requested documents would take, Plaintiffs unexpectedly filed their motion for class certification, taking the position that certification was appropriate on the current factual record. Pls.' Mot. for Class Cert., Dkt. No. 66. Given their filing, the deadline for which was not until August 13, 2020, Progressive assumed that Plaintiffs no longer needed the certification related documents they requested.

On April 15, 2020, less than one month after their agreement to cost shift and two weeks after filing for certification, Plaintiffs for the first time indicated that they intended to move to compel production of the documents. Email from J. Fabry to K. Kochis (Apr. 15, 2020 5:03 pm), Fabry Decl. Ex. 2, Dkt. No. 81-5. In response, Progressive attempted to meet and confer, including asking the rather basic question of why the documents needed to be produced at this time in light of the pending motion for certification. *Id.* at email from K. Kochis to J. Fabry (Apr. 16, 2020 12:08 pm). Rather than engage in a good faith meet and confer process with Progressive, Plaintiffs obfuscated, refusing to explain why the documents were relevant at this juncture or articulate the basis of their motion. *See* Email Exchange (Apr. 22, 2020), attached to the Decl. of Kymberly Kochis (Apr. 29, 2020) ("Kochis Decl."), Ex. A. In fact, on April 22, 2020, in the midst of e-mail exchanges between the parties where Progressive again sought clarification concerning Plaintiffs' Motion in an effort to determine if a resolution could be reached, Plaintiffs filed the instant Motion. *Id.*; Pls.' Mot. to Compel Discovery Resp. (Apr. 22, 2020), Dkt. No. 81.

**ARGUMENT**

This is not a typical motion to compel where a party has refused to produce documents. Here, the parties met and conferred and agreed to cost sharing with respect to the production of documents that Plaintiffs argued were necessary for certification. Unexpectedly, prior to Progressive's production of the documents and more than four months before their deadline to do so, Plaintiffs moved for certification. Given this filing, when Plaintiffs followed up about the production, Progressive reasonably asked for an explanation as to why the production of these documents was necessary at this time. Rather than engage in a meaningful meet and confer, Plaintiffs filed this Motion. For the reasons set forth herein, Plaintiffs have not and cannot provide a basis for their demand that these documents be produced, let alone within 14 days of a court order.

**I.   PLAINTIFFS' MOTION TO COMPEL IS IMPROPER.**

Plaintiffs' Motion is an improper attempt to compel production of documents that are not relevant or proportional at this stage of the case in light of Plaintiffs' pending motion for class certification. To prevail on their motion to compel Plaintiffs must demonstrate both that the requested documents are relevant to the current issues in this case and that the production of the requested documents at this time is proportional. *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-cv-2255-L, 2018 WL 3548866, at *6 (N.D. Tex. July 24, 2018) ("The party seeking discovery . . . may well—to prevail on a motion to compel—need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing."); *Gomez v. Nationwide Prop. & Cas. Ins. Co.*, No. 5:15-CV-67, 2016 WL

3

6816215, at *2 (S.D. Tex. Feb. 26, 2016) ("The party moving to compel discovery bears the initial burden of showing that the information or materials sought are relevant").  Plaintiffs do not meet their burden.

Plaintiffs have not and cannot demonstrate that the requested documents are relevant at this stage of the litigation.  Plaintiffs already filed their motion for class certification, and confidently assert in that motion that they have satisfied the requirements of Federal Rule of Civil Procedure 23.  Plaintiffs' voluntary and early filing of their motion for certification nullified the rationale for the production of the requested documents.  In other words, the filing was an intervening act that substantively changed the dynamics of the relevance of the documents.[3]  Plaintiffs concede that the requested documents are only relevant "to determining who is in the Class and the damages suffered by the Class."  Pls.' Mot. at 5.  Because Plaintiffs do not articulate why the documents are relevant at this stage of the litigation in light of their class certification filing, they do not met their burden to demonstrate that their production should be compelled.[4]  *See Vine v. PLS Fin.*

---

[3] The October 23, 2019, Amended Scheduling Order entered by the Court did not bifurcate discovery between class and merits issues.  Am. Sched. Order, Dkt. No. 45.  However, by filing for certification at this juncture Plaintiffs effectively created a bifurcation, and should not be permitted to continue to engage in unnecessary class discovery while their motion for certification is pending.

[4] To the extent Plaintiffs seek the requested documents for purposes of using them in support of certification, Plaintiffs' Motion should be denied.  It is axiomatic that Plaintiffs cannot submit new facts or arguments outside their class certification motion, which is exactly what Plaintiffs would be doing if they were permitted to introduce these documents.  *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 66 F. Supp. 3d 795, 811 (E.D. Tex. 2014) ("Failure to raise an argument in a motion waives the argument; raising it for the first time in a reply memorandum is too late."); *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief, even by pro se litigants [] are waived.")  Progressive would be severally prejudiced if Plaintiffs were permitted to use these materials as it would not have an opportunity to address them.  Plaintiffs were under no obligation to file for certification at this time.  This is not a situation where Plaintiffs were forced to file their certification motion without necessary discovery because of a pending deadline.  If these documents are necessary to support certification,

*Servs.*, Inc., No. 4:18-CV-00450, 2020 WL 408983, at *7 (E.D. Tex. Jan. 24, 2020) (denying motion to compel class discovery after disposition of certification motion).

Moreover, given the limited relevance of the documents at this stage of the litigation and the burden associated with identifying the documents, highlighted above, a burden exacerbated by ongoing stay at home orders that have forced Progressive employees and its counsel to work remotely, Plaintiffs have not demonstrated that the production of these documents at this time is proportional to the needs of the case. Because Plaintiffs have not met their burden to demonstrate that the "Sub41" letters or Medical Payment Ledgers are relevant or that their production at this time is proportional, Plaintiffs' Motion should be denied.

## II.   PLAINTIFFS WILL NOT BE PREJUDICED.

Plaintiffs will not be prejudiced if their Motion is denied. As discussed above, Plaintiffs moved for certification months before the deadline to do so and have taken the position that certification is warranted on the current factual record. Plaintiffs therefore concede that the documents are not necessary and will not be used to substantiate certification. Moreover, Plaintiffs admit in their Motion that the "Sub41" letters and Medical Payment Ledgers are relevant only if a class is certified, and do not contend that these documents are relevant to any non-class merits issues. Pls.' Mot. at 5.

Further, Progressive is willing to produce the documents should the Court grant certification, at which point the documents may be relevant for certain purposes, and communicated this willingness to make such a production to Plaintiffs prior to the filing of this Motion. Email from K. Kochis to J. Fabry (Apr. 22, 2020 12:52 pm), Kochis Decl. Ex. A. Plaintiffs will therefore not be prejudiced if the documents are not produced immediately.

---

which Plaintiffs have not argued, Plaintiffs simply should have waited for production before filing their motion.

5

## III. PLAINTIFFS DID NOT MEET AND CONFER PRIOR TO FILING THEIR MOTION.

Plaintiffs' Motion should also be denied because Plaintiffs did not meet and confer in good-faith with Progressive prior to filing the instant motion.  Local Rule 7-1(i) states, "[t]he court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made."  Plaintiffs' Motion includes a certificate of conference stating that parties conferred, but in reality no meaningful conference occurred.

On April 15, 2020, Plaintiffs' counsel sent counsel for Progressive an email indicating they intended to file a motion to compel production of the Sub41 Letters and Medical Payment Ledgers. *See* Email from J. Fabry to K. Kochis (Apr. 15, 2020 5:03 pm), Fabry Decl. Ex. 2, Dkt. No. 81-5. In response, counsel for Progressive inquired about the basis for Plaintiffs' Motion, and the relevance of the documents in light of Plaintiffs' motion for certification. *Id*.  Despite several additional e-mails back and forth, including at least one email in which Progressive clearly stated it intended to produce the requested documents, Plaintiffs' counsel did not provide the basis for their Motion. Emails to/from K. Kochis to J. Fabry (Apr. 22, 2020), Kochis Decl. Ex. A.  When Progressive raised with Plaintiffs that it did not believe they had met their meet and confer obligations, Plaintiffs took the surprising position that discussions that took place long before the parties' cost shifting agreement and Plaintiffs' intervening class certification filing satisfied those obligations.  Email from J. Fabry to K. Kochis (Apr. 22, 2020 4:03 pm), Kochis Decl. Ex. A.  The substantial impact of Plaintiffs' class certification filing on the relevance and necessity of the class discovery Plaintiffs seek to compel illustrates the hollow nature of Plaintiffs' contentions.  In reality, Plaintiffs had already drafted their Motion and did not want to engage in a good faith meet and confer process precluding any chance of the parties resolving this dispute as envisioned by Local Rule 7.1(i).  Because Plaintiffs did not meet and confer with Progressive before filing in violation of Local Rule 7.1, the Court should deny Plaintiffs' Motion.  Dkt. No. 54, Order at 3.

6

**IV.     ALTERNATIVELY, PROGRESSIVE SHOULD BE GIVEN A REASONBLE TIME TO PRODUCE THE DOCUMENTS.**

While Progressive does not believe that Plaintiffs have met their burden, if the Court is inclined to grant Plaintiffs' Motion, Progressive requests a reasonable time, not less than 45-days from entry of any order, to produce the requested documents.  This period is reasonable given the burden associated with pulling and reviewing the documents, and the logistical issues created by the COVID-19 pandemic and related stay at home orders, which affect both Progressive and its counsel.

Progressive also respectfully requests that Plaintiffs be ordered to adhere to the cost shifting agreement previously reached between the parties.  Nothing in Plaintiffs' Motion warrants setting that agreement aside, and any purported delays in the production of the documents are the result of global events outside of the control of Progressive or strategic litigation decisions taken by Plaintiffs.  Progressive respectfully requests that Plaintiffs be ordered to pay their share prior to production.

Finally, Progressive requests that Plaintiffs be precluded from supplementing their class certification briefing with any of the requested documents.  As highlighted above, Plaintiffs were under no obligation to file their certification motion at this time, and have taken the position that the record is ripe for disposition of certification.  Plaintiffs should be bound by their strategic decisions, and should not be permitted to supplement, especially given that any supplementation would only serve to prejudice Progressive.

Dated: April 29, 2020

                                                Respectfully submitted,

                                                /s/ *Kymberly Kochis*
                                                Kymberly Kochis (Admitted *Pro Hac Vice*)
                                                Alexander Fuchs (Admitted *Pro Hac Vice*)
                                                Eversheds Sutherland (US) LLP
                                                1114 Avenue of the Americas, 40th Floor
                                                New York, New York 10036
                                                Tel: (212) 389-5000
                                                Fax: (212) 389-5099
                                                kymberlykochis@eversheds-sutherland.com

alexfuchs@eversheds-sutherland.com

Ian S. Shelton (Texas SBN 24056305)
Eversheds Sutherland (US) LLP
600 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel: (512) 721-2714
Fax: (512) 721-2656
ianshelton@eversheds-sutherland.com

*Counsel for Defendant Progressive County Mutual Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the CM/ECF system on April 29, 2020, on all counsel or parties of record on the service list:

## SERVICE LIST

Stephen S. Dummitt
The Carlson Law Firm PC
618 S.W. Military Dr.
San Antonio, TX 78221
Tel: (210) 923-7700
Fax: (210) 923-3378
sdummitt@carlsonattorneys.com

Counsel for Plaintiffs

Mark R. Murphy
Davis & Santos PC
719 S. Flores Street
San Antonio, TX 78204
Tel: (512) 853-5882
Fax: (210) 200-8395
mmurphy@dslawpc.com

Counsel for Plaintiffs

John R. Fabry
The Carlson Law Firm PC
1717 N. Interstate Highway 35, Suite 305
Round Rock, TX 77664
Tel: (512) 671-7277
Fax: (512) 238-0275
jfabry@carlsonattorneys.com

Counsel for Plaintiffs

Larry J. Goldman
Gregory J. Peterson
Justin T. Woods
Goldman & Peterson PLLC
10100 Reunion Place, Suite 800
San Antonio, TX 78216
Tel: (210) 340-9800
Fax: (21) 340-9888
larry@ljglaw.com
greg@ljglaw.com
justin@ljglaw.com

Counsel for Defendant April Hager

*/s/ Kymberly Kochis*
Kymberly Kochis