IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD LOPEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; AND GLORIA LOPEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED;<br><br>*Plaintiffs,*<br><br>vs.<br><br>PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, APRIL HAGER,<br><br>*Defendants.* | §§§§§§§§§§§§§§§§§<br><br>SA-19-CV-00380-FB |

## **ORDER**

Before the Court is the above-styled and numbered cause of action, in which the following motions are pending: Plaintiffs' Motion for Partial Summary Judgment on Liability [#76], Defendant Progressive County Mutual Insurance Company's Motion for Leave to File a Surreply [#77], Plaintiffs' Unopposed Motion for Leave to File Response to Defendant's Motion for Leave to File a Surreply [#79], Plaintiffs' Motion to Compel Discovery Responses [#81], and Plaintiffs' Amended Motion for Class Certification [#83]. The Court held a status conference on May 7, 2020 to address the pending motions and the status of this case, at which counsel for all parties appeared telephonically. At the close of the hearing, the Court issued certain oral rulings, which are now memorialized by this written Order.

## **I. Motion to Compel**

The Court will deny Plaintiffs' motion to compel in light of the procedural posture of this case. This case is a putative Rule 23 class action filed by Plaintiffs against Progressive County

1

Mutual Insurance Company ("Progressive"), their automobile insurer, and April Hager, one of Progressive's employees. Plaintiffs allege that Progressive improperly asserted contractual subrogation rights to reimbursement with respect to third-party medical payments made directly to medical providers under Plaintiffs' insurance policy, when the policy limits Progressive's subrogation rights to payments made directly to the insureds.

Plaintiffs have filed a motion for partial summary judgment on liability, arguing that Plaintiffs' insurance policy is ambiguous and does not grant Progressive the contractual right to seek reimbursement as to payments made directly to third-party healthcare providers. The motion for summary judgment is ripe for this Court's review. Plaintiffs have also filed a motion for certification of a class action under Rule 23 of the Federal Rules of Civil Procedure. The certification motion seeks to certify the following class:

> All individuals who had Medical Payments Coverage with their Auto Insurance policy issued by Progressive County Mutual Insurance Company in and subject to the laws of Texas, and against whom Defendants asserted the existence of rights to reimbursement, a subrogation lien, or demands for repayment through a Sub4l letter from their personal injury recoveries of money that was paid to anyone other than the insured individuals from April 3, 2015 to the present.

Defendants' responses to the motion are not due until June 1, 2020.

Plaintiffs' motion to compel asks the Court to compel Progressive to produce all "Sub41" letters and companion Medical Payments Details ledgers and reports sent by Progressive during the class period. The parties agree this production would involve a claim-by-claim review of thousands of files to identify the responsive documents. Progressive has objected to the production, arguing the request is premature, disproportionate to the needs of this case, and would cause undue burden and potentially unnecessary expense in light of the fact that no class has been certified. The Court agrees. The discovery deadline does not expire until December

13, 2020 under the governing Scheduling Order. Plaintiffs' certification motion will be ripe in only a few weeks. Progressive conceded at the hearing to the relevance of the requested documents if a class is certified. The Court finds that the certification of a class would substantially alter the proportionality inquiry surrounding this discovery. If the Court denies the motion for certification, then the discovery would likely be irrelevant and disproportionate. The Court will therefore deny the motion to compel without prejudice to the motion being refiled after the Court issues a ruling on the motion for class certification. The parties are permitted to pursue other, less burdensome forms of discovery in the interim.

## II.  Motion for Leave to File Surreply

The Court will deny Defendant's motion for leave to file a surreply to Plaintiffs' motion for partial summary judgment. Plaintiffs clarified at the hearing that they are not attempting to assert any new causes of action or asking the Court for new or additional relief through their reply in support of their motion for summary judgment. There is therefore no reason to depart from the Court's standard practice of entertaining only one response and one reply to a motion, and the parties' submissions sufficiently address all issues raised by the summary judgment motion. *See* W.D. Tex. Loc. R. CV-7(f)(1) ("Absent leave of court, no further submission [other than a response and reply] are allowed."). In light of the denial of Defendant's motion to file a surreply, the Court will dismiss as moot Plaintiffs' motion to file a response to the proposed surreply.

Thus, for the reasons stated on the record at the hearing and for the reasons stated in this written Order,

**IT IS HEREBY ORDERED** that Defendant Progressive County Mutual Insurance Company's Motion for Leave to File a Surreply [#77] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Unopposed Motion for Leave to File Response to Defendant's Motion for Leave to File a Surreply [#79] is **DISMISSED AS MOOT**.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion to Compel Discovery Responses [#81] is **DENIED WITHOUT PREJUDICE** to refiling the motion after the Court issues a ruling on the motion for class certification.

SIGNED this 11th day of May, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE