IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RICHARD LOPEZ AND** | § | |
| **GLORIA LOPEZ, ON BEHALF OF** | § | |
| **THEMSELVES AND ALL OTHERS** | § | |
| **SIMILARLY SITUATED,** | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | **Civil Action No.  5:19-cv-380** |
| **v.** | § | **Hon. Fred Biery** |
| | § | |
| **PROGRESSIVE COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY AND** | § | |
| **APRIL HAGER,** | § | |
| | § | |
| *Defendants* | § | |

## NOTICE OF WITHDRAWAL OF RICHARD LOPEZ AS NAMED PLAINTIFF AND PROPOSED CLASS REPRESENTATIVE

TO THE HONORABLE COURT:

COME NOW Plaintiffs Richard Lopez and Gloria Lopez, on behalf of themselves and all others similarly situated, by and through their undersigned counsel file this Notice of Withdrawal of Richard Lopez as a named plaintiff and proposed class representative in the above-captioned case and would respectfully show as follows:

1.      Plaintiffs' Amended Motion for Class Certification [Dkt. 83] is currently pending before this Court, whereby Plaintiffs propose Richard Lopez and Gloria Lopez as class representatives.

2.      Richard Lopez no longer seeks to serve as named plaintiff or class representative.

3.      This withdrawal is without prejudice to Richard Lopez's rights as a class member, including *inter alia*, to file a claim against any fund arising out of any recovery in the present case.

4.      On May 14, 2020, Defendants deposed proposed class representative Gloria Lopez, via the Zoom online conference platform.

5.      Defendants had also requested the deposition of Richard Lopez, however, due to a hearing impediment affecting Mr. Lopez, it became clear during deposition preparations that Mr. Lopez would be unable to effectively communicate via the Zoom online conference platform.

6.      Despite Mr. Lopez's willingness to be deposed, and despite attempts to use a specialized "CaptionCall" telephone to overcome issues with Mr. Lopez's hearing aids, it became clear that deposing Mr. Lopez via the Zoom platform would not be productive for any party.

7.      The parties agreed to forgo the deposition of Mr. Lopez on May 14, 2020.

8.      Defendants have represented that that, in the evet the Mr. Lopez does not withdraw as a proposed class representative, they will seek additional time to file their response to Plaintiffs' Amended Motion for Class Certification in order to depose Mr. Lopez in-person.

9.      Rather than create additional delays, and due to the uncertainty of when COVID-19 related restriction would allow for an in-person deposition, Mr. Lopez has decided to voluntarily withdraw as a named plaintiff and proposed class representative; Gloria Lopez will continue to serve as named plaintiff and proposed class representative in this case.

10.      The Class will suffer no prejudice from Richard Lopez's withdrawal as proposed class representative as Plaintiff Gloria Lopez can adequately represent the interests of the class, and the withdrawal in no way affects her rights or the rights of the putative class.

11.      In *Southern Avenue Partners, LP v. Blasnik*, the court held that a proposed plaintiff was "deemed withdrawn as a named party in [the] case upon the filing of her notice of withdrawal, and that said withdrawal is without prejudice to her future participation as an absent class member should the court grant class certification." No. 3:09-cv-765-M-BK, 2013 WL 5183964, at *1, *3

(N.D. Tex. Sept. 13, 2013).

12.     In *Blasnik*, Plaintiffs sought intervention by the court in the withdrawal because, "Defendants refuse[d] to accept the sufficiency of [Plaintiff's] notice of withdrawal" as named plaintiff and proposed class representative, despite the fact that, as here, "(1) there is not yet a certified class, and (2) [Plaintiff] noticed withdrawal as a named plaintiff only on her own behalf and not that of any putative class . . . Plaintiffs aver that [the withdrawing named plaintiff] wants to 'become an absent class member, giving no direction to the case but be able to share in any recovery on the same terms as other [future] class members." *Id*.

13.     The court in *Blasnik* found that, "a putative class member did not need court approval to withdraw" where the "Advisory Committee Notes that the 2003 amendment of Rule 23 made clear that court approval is not required for the voluntary compromise or dismissal of putative class claims, only those of a certified class." *Id*. at *2 (citing *Eckert v. Equitable Life Assurance Society of U.S.*, 227 F.R.D. 60, 62 (E.D.N.Y. 2005). *See also Ryan v. Flowerserve Corp.*, No. 3:03-cv-1769, 2007 WL 924109, at *2–3 (N.D. Tex. March 26, 2007) (granting Plaintiffs' motion to withdraw as class representative under Fed. R. Civ. P. 21 and noting that, "absent a good reason, . . . a plaintiff should not be compelled to litigate if it doesn't wish to." (quoting *Organization of Minority Vendors, Inc. v. Illinois Central—Gulf R.R.*, No. 79 C 1512, 1987 WL 8997, at *1 (N.D. Ill. April 2, 1987) (notwithstanding the failure to state their reasons for wanting to voluntarily withdraw as representative plaintiffs, parties were permitted to do so where others remained present to represent the class))).

14.     The court in *Blasnik* also disagreed with Defendants' position that Fed. R. Civ. P. 41(a) required court approval of a proposed class representative's withdrawal, where the proposed named plaintiff "is not seeking to dismiss the action or any pending claims, only to remove herself

as a named plaintiff and potential class representative . . . Thus under a plain reading of Rule 41(a),

the court approval of her withdrawal as a named party is not required." *Blasnik*, 2013 WL 5183964,

at *2.

DATED: May 18, 2020.

THE CARLSON LAW FIRM, P.C.

1717 N. Interstate 35, Suite 305
Ound Rock, Texas 78664
T: (512) 823-2259
F: Fax (512) 238-0275

By:  /s/ John R. Fabry
     John R. Fabry
     Texas Bar No. 06768480
     JFabry@carlsonattorneys.com
     Steve Dummitt
     Texas Bar No. 24082936
     SDummitt@carlsonattorneys.com

DAVIS & SANTOS, P.C.
Mark Murphy
Texas Bar No. 24002667
mmurphy@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
T: (210) 853-5882
F: (210) 200-8395

ATTORNEYS FOR PLAINTIFFS RICHARD
LOPEZ AND GLORIA LOPEZ, ON
BEHALF OF THEMSELVES AND ALL
OTHERS SIMILARLY SITUATED

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was filed and served electronically through the Court's CM/ECF system and served via email upon the following counsel of record on the 18th day of May 2020:

Kymberly Kochis
Alexander P. Fuchs
**EVERSHEDS SUTHERLAND (US) LLP**
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, NY 10036
Tel: (212) 389-5082
Fax: (212) 389-5099

Ian Scott Shelton
**EVERSHEDS SUTHERLAND (US) LLP**
600 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel: (512) 721-2714
Fax: (512) 721-2656

Larry J. Goldman
Gregory J. Peterson
**GOLDMAN & PETERSON PLLC**
10100 Reunion Place, Suite 800
San Antonio, TX 78216
Tel: (210) 340-9800
Fax: (210) 340-9888

**ATTORNEYS FOR DEFENDANTS**

*/s/ John R. Fabry*
John R. Fabry