IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD LOPEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; AND GLORIA LOPEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; | § § § § § § § § § § § § § § § § § | SA-19-CV-00380-FB |
| *Plaintiffs,* | | |
| vs. | | |
| PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, APRIL HAGER, | | |
| *Defendants.* | | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's Opposed Motion (1) to Compel and Reconsider Certain Class Discovery, (2) to Stay Ruling on Class Certification, (3) to Amend Scheduling Order, and (4) for Leave of Court [#112]. The Court held a hearing on the motion on August 12, 2020, at which counsel for all parties appeared telephonically. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

Plaintiff Gloria Lopez[1] filed this putative Rule 23 class action against her auto insurer, Defendant Progressive County Mutual Insurance Company ("Progressive), and its employee, Defendant April Hager, on behalf of herself and a class of other Progressive insureds. Plaintiff alleges that that she suffered serious personal injuries in a motor-vehicle accident caused by a

---

[1] Richard Lopez, Ms. Lopez's husband, was also originally a Plaintiff. But the Second Amended Complaint currently before the Court removed him as a party. (Second Am. Compl. [#100].)

1

tortfeasor insured by GEICO Choice Insurance Company.  Plaintiff received medical treatments for her injuries and accrued medical bills for the services rendered.  The bills were paid by Progressive under Plaintiff's Medical Payments Coverage.  Plaintiff alleges that Progressive sent standardized letters designated "Sub41" to GEICO with a copy of Plaintiff's counsel asserting a right to reimbursement and a subrogation lien under the insurance policy, demanding payments be made directly to Progressive from any third-party personal injury recovery or settlement proceeds.  Plaintiff settled her personal injury claim with GEICO and its insured and asked Progressive, through Hager, to share the costs of attorney's fees and litigation expenses; Hager declined and reaffirmed Progressive's claim for reimbursement.

Plaintiff contends that Defendants did not have a right to reimbursement or to assert a subrogation lien under the policy because Plaintiff interprets the governing insurance policy as only providing a right of recovery where medical payments are made directly to the insureds. Here, the majority of payments made by Progressive were made directly to health-care providers. Plaintiff's Second Amended Complaint asserts that Defendants engaged in deceptive practices in violation of the Texas Insurance Code and had knowledge that their Sub41 letters were a fraudulent lien or claim against Plaintiff's personal injury recovery.  Plaintiff's class allegations seek damages and injunctive relief on behalf of all individuals who had Medical Payments Coverage with their Progressive auto-insurance policy and against whom Defendants asserted rights to reimbursement and a subrogation lien through a Sub41 letter from personal injury recoveries with respect to monies paid to anyone other than the insured individuals for a specified time period.

Well before the filing of Plaintiff's Second Amended Complaint, in March 2020, Plaintiff's filed a Motion for Partial Summary Judgment [#76], asking the Court to interpret the

insurance contract as a matter of law and find in their favor on all issues of liability.  Shortly

thereafter, Plaintiff also filed a Motion for Class Certification, which she has since amended

[#83].  The certification motion asks the Court to certify the following class:

> All individuals who had Medical Payments Coverage with their Auto
> Insurance policy issued by Progressive County Mutual Insurance
> Company in and subject to the laws of Texas, and against whom
> Defendants asserted the existence of rights to reimbursement, a
> subrogation lien, or demands for repayment through a Sub4l letter from
> their personal injury recoveries of money that was paid to anyone other
> than the insured individuals from April 3, 2015 to the present.

After several requests for extensions of time to respond and reply to the motion for certification,

both motions have been fully briefed and are ripe for the Court's review.

Several discovery disputes have arisen over the course of this litigation.  Most recently,

Plaintiffs asked the Court to compel Progressive to produce all Sub41 letters and companion

Medical Payments Details ledgers and reports sent by Progressive during the class period.  The

Court denied the motion on May 11, 2020, concluding that the request was premature and

disproportionate to the needs of the case in light of the fact that discovery does not close until

December 13, 2020 and the Court had not yet ruled on the certification motion (which was not

yet ripe at the time of Plaintiff's request).

The current motion to compel filed by Plaintiff renews the request for the Sub41 letters

and Medical Payments Details ledgers and asks for additional relief.  Plaintiff believes that she is

entitled to an order that Progressive's designated corporate representatives reappear for

deposition due to alleged inconsistencies between deposition testimony and a declaration

submitted in opposition to Plaintiff's motion for class certification.  Plaintiff also asks the Court

for the opportunity to amend the class definition and her class certification motion, to amend the

scheduling order, and to continue ruling on the class certification and summary judgment motions until the discovery issues have been resolved.  The Court will deny the motion.

Plaintiff requests that the Court order that the corporate representative depositions be reopened and that Defendant reproduce both Carrie Morris and Keith Benefiel for depositions based on statements in Morris's Declaration attached to Defendants' response to Plaintiff's motion for class certification.  Plaintiff contends that Morris's deposition testimony on Topic 5 (which concerned Progressive's policies and practices regarding the assertion of a subrogation lien) contradict her statements in paragraph 5 of her declaration regarding those same practices and procedures. The Court disagrees that the statements are unambiguously contradictory, although they are open to different reasonable interpretations. After hearing the arguments of counsel at the hearing and reviewing the briefing and record, the Court will strike paragraph 5 of Morris's declaration, as Defendant suggested in compromise.  Striking this paragraph such that it will not be considered in ruling on the motion for class certification removes any purported contradiction and obviates the need to reopen any depositions.  Accordingly, Plaintiff's request for leave to amend the scheduling order to accommodate the reopening of the depositions will also be denied.

As to Plaintiff's renewed request for the Sub41 letters and Medical Payments Ledgers, the Court will also deny this request.  Plaintiff has not presented any compelling reason to depart from the Court's previous ruling that the production of this discovery would cause undue burden at this stage of the litigation, before any class has been certified.  The Court declines to continue its ruling on the motion for class certification.  If a class is ultimately certified, Plaintiff may renew her request for this discovery (and, as the Court mentioned in its previous order, if a class is certified, Defendant is unlikely to oppose it as disproportional and irrelevant).

The Court will, however, hold the motion for partial summary judgment in abeyance. Defendants' response to the motion raises several concerns regarding the prematurity of the motion. One such concern is that a ruling on liability prior to certification would result in impermissible "one-way intervention," whereby "members of the claimed class could in some situations await developments in the trial or even final judgment on the merits in order to determine whether participation would be favorable to their interests." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 545–47 (1974). As such, potential class members would be permitted to "benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Id.* The Court will not issue a ruling on the summary judgment motion until the certification question has been decided. At the hearing, the Court asked the parties to confer on whether they would be willing to dismiss the motion without prejudice to refiling after a ruling on certification. Doing so would allow the parties to amend their filings to reflect the impact, if any, of the Court's ruling on motion for class certification on the motion for summary judgment, which would assist the Court in reviewing the summary judgment arguments. The parties will be ordered to confer and file an advisory within seven days of the Court's hearing.

Additionally, at the hearing, the parties agreed that Hager is no longer a necessary party to this lawsuit and shall be dismissed with prejudice. However, the parties disagree on whether costs should be assessed against Plaintiff based on the delay associated with the voluntary dismissal. The Court will provide Hager two weeks to brief the Court on why costs should be awarded, and Plaintiff will have two weeks to respond.

Finally, the only issue raised with respect to the definition in the current motion for class certification is its reference to "Defendants," which suggests that to be a member of the class, both Progressive and Hager had to have asserted the right to reimbursement and subrogation lien.

With Hager no longer in the suit, any class definition that is certified will simply be amended to reflect Progressive as the sole Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motions (1) to Compel and Reconsider Certain Class Discovery, (2) to Stay Ruling on Class Certification, (3) to Amend Scheduling Order, and (4) for Leave of Court [#112] is **DENIED**.

**IT IS FURTHER ORDERED** that Paragraph 5 of Morris's Declaration [#114 at 109] is **STRICKEN**.

**IT IS FURTHER ORDERED** that the parties confer on whether Plaintiff's Motion for Partial Summary Judgment [#76] can be dismissed without prejudice to refiling after certification and file an advisory **on or before August 19, 2020** as to the result of the conference.  The motion is currently held in **abeyance**.

**IT IS FINALLY ORDERED** that the parties file an agreed order of dismissal of April Hager as a Defendant in this lawsuit **on or before August 19, 2020**.  Hager is to brief the Court on why costs should be assessed against Plaintiff **on or before August 26, 2020**.  Plaintiff may file a responsive brief **on or before September 9, 2020**.

SIGNED this 14th day of August, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE